Heithecker v. Fitzhugh.

E. H. HEITHECKER v. P. A. FITZHUGH.

JURY, *Province of; Court and Jury.* A division of function between court and jury is essential to the safe administration of justice, and a new trial will always be granted where the judge interferes with the lawful province of the jury to the prejudice of the party complaining.

*Error from McPherson District Court.*

FITZHUGH brought this action against *Heithecker* to recover $292.40 with interest, which he alleged was money received by the defendant on certain notes left with him for collection by one Thornton. Plaintiff claimed to be the assignee of Thornton. The controversy between the parties was as to whether or not the notes left by Thornton with the defendant were so left for collection, or whether or not defendant purchased the notes of Thornton, and paid him therefor. Trial at the November term, 1885. Numerous errors are alleged, growing out of the conversations with and instructions of the court to the jury after they had retired to the jury-room and failed to agree to a verdict. The jury retired to consider of their verdict at 9 o'clock A.M., and remained out until 6 o'clock P. M., when the court ordered the bailiff to bring in the jury. Thereupon the following conversation took place between the court and the jury:

"Court: Have you agreed on a verdict?

"Jurors: No; it is impossible; we can't agree. If the court would read over the charge, we might agree. We can't agree on the evidence. Some of us think the receipt a bogus paper, and some don't.

"Court: The court might give you further instructions.

"Jurors: The trouble is we are of different opinions on the evidence. We have too much evidence, such as it is. We would like to know the court's opinion.

"Court: Not having to decide this case, I did not pay close attention to the evidence. I could decide the case, but it is for you to decide it. This case, as counsel said to you, had to make one of the parties in the wrong; of this you have nothing to do. You should decide this case, and do your duty,

and let the blame fall where it may.   This case has already taken up one whole day, and it will cost a great deal to have to try it again, and you ought to decide it and not have another trial.   You can take the transactions as related by the defendant, and say in your judgment whether it was reasonable for him to take the money out of his safe and pay to Thornton $260, as he says he did.   Would you have done so?   Was it a reasonable transaction?   Then look at Thornton having failed, and it is not denied but is admitted that he failed, and of his having received the telegram, and being served with injunction; that is not denied.   And being anxious as he says, to save his property from being all taken by one creditor. What would you have done under such circumstances?"

After this conversation the court adjourned until 7 o'clock. When the court again convened in the evening, the oral instructions were again read from the reporter's notes to the jury, and they were again sent out, and on the next day the jury returned into court just before dinner, and they were still unable to agree.   After some further conversation, not important, the following conversation took place:

"Court: Do you think there is any instruction or law that could be given that would help you?

"Juror: No, sir; I do not think there is.   We have enough to go by now.

"Another juror: It is too much as it is; that is the trouble. There are two against ten.   We have been that way since yesterday.

"Juror: Could there be any more light given on that receipt business?   It appears there are a couple who do not understand that; and also the buying of these notes.

"Court: I suppose I will allow you to ask questions.

[Here a number of questions were asked, and answered by the court.]

"Juror: I will ask your honor whether that receipt was to be taken as testimony?   Some of them regard it as conclusive.

"Court: It was introduced in evidence.

"Juror: It has to take its chances among the evidence.

"Court: I think my instructions were clear upon that point, that all the evidence is to be considered by the jury.

"Juror: It seems to me the sticking-point.   If this receipt was legitimate it should have been brought into the lower

court, and from the fact it was not, it should not have been introduced here.

"Court: That is a circumstance you can take into consideration, same as other circumstances."

Thereupon the jury retired for further deliberation, and afterward returned a verdict for plaintiff for $432.40. New trial denied, and judgment on the verdict for the plaintiff. The defendant brings the case here.

*Grattan & Grattan,* for plaintiff in error.

*Lucien Earle,* for defendant in error.

Opinion by CLOGSTON, C.: In trials by jury, courts ought to be very careful not to impose an opinion as to the facts in dispute, for it is well recognized that juries have great respect for the opinions of the trial courts, and where such opinions are clearly expressed, a jury rarely if ever returns a verdict in opposition to such expressed opinions. This case shows clearly that the jury were much in doubt about the evidence, and as the court said to the jury in its instructions that it was a question that they would have to decide, "which is right, plaintiff's or defendant's theory of the case?" if plaintiff's theory was correct, and they believed that to be so, of course they would have to find for him; if they believed the defendant's story, that he bought the notes and that they were not left for collection, of course they would have to find for him. In these conversations with the jury the court so clearly expressed the points in issue, and so forcibly presented them to the jury, that very little consideration will be required to show that the court thought the story of the defendant was unreasonable and not worthy of belief, and so forcibly presented the strong points of the plaintiff's case that it seemed reasonable and consistent. Now having presented these two extremes, he puts the question to the jury: "What would you do under the circumstances?" Doubtless this brought the matter clearly to the minds of the jury that the court thought that the plaintiff was entitled to a verdict; and doubtless the court was led into this

error by its desire to have a small case ended that had taken a long time to try, and not to put the parties to the expense of a new trial; but the court may not in its zeal, and for the purpose of saving expense, practically decide the issues that are submitted to the jury.

The court also, in answer to a question by a juror in relation to the receipt which the defendant claimed he had received from Thornton for money paid him for the notes, said that the fact that the defendant did not offer the receipt in evidence in justice's court, or disclose the fact that he had a receipt, was a circumstance that they might consider with the other circumstances. The record further discloses that the suit was brought originally in justice's court, and in that case the defendant allowed the case to go by default; in other words, he made application for a continuance, which was overruled, and then offered no evidence in support of his theory of the case, but immediately appealed from the judgment rendered against him. Now anything that took place at that trial, in which the defendant did not participate, could not possibly bind him, and the fact that he had this receipt which he produced at the last trial, and which he failed to produce at the trial in justice's court, ought not to have been considered as a circumstance against him. He could only be bound by silence when he was in court, properly presenting his defense. If he had there offered his evidence in support of his theory, and afterward in the district court for the first time produced this receipt, then the court's instruction to the jury would have been correct, and it would have been a strong circumstance against the defendant. Considering the whole transaction, we are of opinion that the judgment of the court below ought to be set aside and a new trial ordered.

It is recommended that the judgment of the court below be reversed, and a new trial ordered.

By the Court: It is so ordered.

All the Justices concurring.