Edward Goodwin v. Thomas M. Greenwood.

(Filed February 15, 1906.)

*Error from the District Court of Oklahoma County; before
B. F. Burwell, Trial Judge.*

*W. F. Wilson,* for plaintiff in error.

*Fulton & Paul,* for defendant in error.

### STATEMENT OF FACTS.

The defendant in error, a practicing physician in Oklahoma City, Oklahoma Territory, on July 15, 1901, about five o'clock, P. M., entered plaintiff in error's cafe for the purpose of procuring a lunch. He purchased a sandwich and paid for the same, and at the solicitation of Frank New, an employee of the plaintiff in error, ordered a fish fry upon condition that it could be served to the defendant in error within a limited time. Being assured by the waiter, New, that he could have the lunch ready within the required time, defendant in error seated himself at one of the tables and awaited the arrival of the lunch. Some altercation took place about the length of time required by the waiter to serve the lunch, and about the time the defendant in error began preparations to eat his fish, the waiter, New, insulted defendant in error by saying that he lied if he said it required longer than ten minutes to serve the fish. Unable to tolerate the abuse of the waiter, defendant in error started to leave the cafe. Plain-

tiff in error was present in the room during all this time and failed to interfere or restrain his servant, and afterwards as defendant in error was leaving the cafe, after paying for the sandwich, he, New, asked plaintiff in error if he was going to let that old guy go out without paying. As defendant in error turned around upon hearing this remark a salt cellar was thrown by the waiter, New, striking defendant in error, and causing the injuries complained of. Upon trial of the issues raised by the petition and answer, the jury returned its verdict in favor of the defendant in error, and at the request of plaintiff in error the jury found specially upon questions of fact submitted as follows:

"Int. 1. Was the plaintiff intoxicated immediately before and at the time of the assault complained of was made?
"Ans. No.
"Int. 2. Was Frank New acting within the purposes for which he was employed by the defendant when he hit the plaintiff?
"Ans. Yes.
"Int. 3. Was Frank New carrying out the instructions that he had been given by his employer when he hit the plaintiff?
"Ans. 3. Yes.
"Int. 4. Did the defendant know that Frank New was going to make an assault upon the plantiff in time to have prevented it?
"Ans. 4. Yes.
"Int. 5. Had the plaintiff started to leave the defendant's place of business before the assault complained of was made?
"Ans. 5. Yes.
"Int. 6. Had the plaintiff settled his bill with the defendant to the satisfaction of defendant and manifested his

intention to the defendant of leaving the restaurant before he received the assault complained of?

"Ans. 6.  Yes.

"Int. 7.  Did the defendant think that the plaintiff was leaving his, defendant's place of business just prior to the time the assault complained of was made by Frank New?

"Ans. 7.  Yes.

"Int. 8.  If the jury answer interrogatory No. 5 yes, please state whether the plaintiff changed his course from that of going towards the outer door of the restaurant to that of facing back towards the interior of the building, and towards Frank New, before the assault complained of was made

"Ans. 8.  Yes."

The case comes to this court predicated upon error in refusing judgment for plaintiff in error upon special interrogatories 5, 6, 7 and 8, and upon error of law committed by the trial court in giving instructions Nos. 3 and 5, as follows:

"3.  One by conducting a restaurant, or other business in which he depends upon public patronage, thereby invites persons into his place of business and to patronize him, and it is the duty of a restaurant keeper and his servants to treat those who patronize his business with civility, and to protect them from unwarranted assault by the employees of such place, and in this connection you are instructed that if you find that while plaintiff was lawfully in defendant's restaurant, and while he was eating his lunch, one New, an employee of said place, used insulting language to the plaintiff by telling him that he lied to the proprietor about said New not getting his lunch as soon as he had promised, and continued to use abusive language to the plaintiff, then and in that event the plaintiff would be justified in law in leaving the defendant's place of business without paying for such lunch, because the plaintiff would have the right in law to eat his lunch without being subjected to humiliation and abuse at

the hands of such employee, and this would be true even though the plaintiff may have taken two or three bites of his lunch; but the rule would   be different had he finished his lunch, because if he elected to finish his lunch under such conditions he should pay for the same; and if you find that the plaintiff left the table before eating his lunch by reason of the abuse of said New, and that New followed him towards the door and indirectly called him a "guy" and before the plaintiff could have reasonably left the building, assaulted him without justification therefor, and that defendant was present and used no effort to prevent the assault when he could reasonably have expected it under all of the circumstances within his knowledge, then and in that event the plaintiff would be entitled to recover, even though he did not encourage the said New in making such assault, and even though a party may go into a restaurant and get a meal or lunch and then refuse to pay for it, this of itself will not justify the proprietor or his employees to assault him.   The law has provided him with a remedy which he must follow."

"5.   The jury are instructed that a restaurant keeper owes no duty of protecting from injury one of his guests after the relation of restaurant keeper and guest is terminated, and after the guest has settled his bill and has manifested his intention of leaving the premises, and has had a length of time sufficient to have reasonably afforded him to depart from the premises, and he remains for the purpose of quarreling with the employees without justification, and if the jury find from the evidence that the plaintiff had settled his bill with the defendant for his meal, and had manifested his intention of leaving the premises of the defendant, and had actually started to leave, and had had sufficient length of time to have gone without the defendant's premises before the assault took place, but after he had started out, turned around and had come back into the restaurant to quarrel with New, and the relation of restaurant keeper and guest had been terminated, and the defendant owed the plaintiff no

protection from any assault by reason of their business rela-
tions, unless you further find that New was acting for the
proprietor, with his knowledge and consent; and if the de-
fendant had knowledge that the said New was about to
eject the plaintiff from the room, without just cause, it was
his duty to protect the plaintiff from injury at the hands of
his servant, and if he permitted his servant to assault the
plaintiff without any justification therefor, in his place of
business and he in any way aided and abetted therein, then
the plaintiff may recover, and in determining this fact you
should take into consideration all of the evidence in the case."

And also upon refusal of instruction No. 2 asked by the
plaintiff in error, and giving instead thereof instruction No.
8 of the court's general instructions. These are set out in
the opinion in the case, such other facts being also therein
stated as are necessary to a complete understanding of the
propositions involved.

Opinion of the court by

GILLETTE, J.: The first contention of the plaintiff in
error is that the trial court erred in refusing and overruling
motion for judgment upon the special findings of facts No.
5, 6, 7, and 8, and contends that these findings conclusively
entitle him to judgment. Even if it be conceded that these
isolated interrogatories contain a fair statement of the facts
to which they refer, we cannot conclude therefrom that such
facts as are thereby established would relieve the plaintiff in
error from liability.

The general verdict carries with it a presumption that
all necessary facts authorizing it have been established upon
the trial of the case. Notwithstanding this presumption,
if the special questions of fact show that some controlling
fact exists inconsistent with the general verdict, in such case

the special verdict must control, and the proposition here submitted is whether or not the facts established by interrogatories 5, 6, 7, and 8 are sufficient to overthrow the general verdict. By these interrogatories it is established that the defendant in error had settled his bill in the restaurant, and had started to leave the same when he was accosted by the servant Frank New, and upon being so accosted he turned and faced back towards the interior of the building when the assault was made. Other answers to special interrogatories show that Frank New at the time was in the employ of the plaintiff in error and was carrying out the instructions that had been given him by his employer who at the time knew that he was going to make an assault upon the defendant in time to have prevented it; and the evidence shows that what was done by the servant was in the immediate presence of the employer, who at the time failed to exercise any authority over the servant to prevent a vicious assault upon a guest. Under these circumstances we think that it cannot rightfully be said that the restaurant keeper, plaintiff in error, was exempted from liability because of the fact that his guest had settled his bill and was in the act of leaving the establishment and turned around before leaving because of derogatory remarks made by the servant to the master concerning him.

We are of the opinion that he as a guest was under the protection of the master while going from as well as while entering the building, and especially where, as in this case, the act of the servant complained of was because of a fancied wrong to the master in not paying the master such a sum as the servant thought ought to have been paid.

It is, we think, a clearly settled proposition of law that the master is liable for the wilful, belligerent or even malicious acts of a servant, done in the course of his employment and within the scope of his authority. And that the acts of the servant in this case was within the purposes for which he was employed is settled in the affirmative by the answer to special interrogatory 2, while special interrogatory 3 shows that he was carrying out the instruction which had been given him by his employer when he hit the plaintiff.

With these facts established by the verdict of the jury we think the trial court correctly held that the motion for judgment in favor of plaintiff in error upon special findings, should be overruled. A leading case upon this subject is found in 46 L. R. A., 314, *Nelson Business College v. Lloyd.* 60 Ohio, 448.

The plaintiff in error complains of the procedure in the trial court by reason of the giving of instructions No. 3 and 5, and say: "These instructions proceed plainly upon the theory that there is a liability resting upon a restaurant keeper for torts of his servants committed upon the person of his guest, and proceed upon the presumption of such liability." Citing *Rahmel v. Lehndorf,* 76 Pac. 659.

It is true that the instructions complained of proceed upon the theory that there is a liability on the part of one conducting a restaurant or other business dependent upon public patronage, because persons are invited into such place of business as patrons, and the jury were informed that it was the duty of one conducting such business to treat patrons with civility, and to protect them from unwarranted assaults

by the employees of the place, and in this respect we think the law was correctly stated by the trial court.

The instructions as a whole proceed upon the theory that to fix a liability upon a restaurant keeper because of an assault upon a patron by an employee, the employee must be acting within the scope of his employment and the assault must be found to be unjustifiable. We are not able to distinguish the liability of a restaurant keeper from that of any other master for liability for the tortious acts of his servants committed within the real or apparent scope of the duties entrusted to him, and to the extent that *Rahmel v. Lehndorf*, 76. Pac. 659, is at variance with this proposition we do not agree with that case. The facts in that case however, are not shown to be analagous to the facts in the case at bar. In that case it appeared from the only statement of facts made that "the plaintiff was a guest in the defendant's hotel and while seated at the dinner table was assaulted and beaten by a dining room waiter." There is nothing in that record to show how the difficulty arose or what the provocation for the assault was, or who provoked it, and the court in that case states the general law of master and servant to be that the master is not liable for the malicious torts of the servant committed outside the scope of his employment. The facts in this case are much broader. Evidence was introduced touching the scope of the servant's authority and it is plain from an examination of the testimony that the assault was made by the servant because of a failure of the guest to pay the master what the servant thought he ought to pay in consideration of what had been furnished for him. The instructions of the court complained of were given to the jury in view of this testimony, and under the circumstances

we think correctly given.   See *Rommell v. Shalbacher,* 120 Pa. State, 579, 6 Am. State, 732.

There is one other error presented by the brief of plaintiff in error, to wit:   The refusal on the part of the court to give the second instruction asked for by him, and giving in lieu thereof the 8th instruction, which instructions are as follows:

"Second:   The jury are instructed that the said Frank New, as shown by the evidence adduced in this case, went without the scope of his employment in inflicting the said injuries upon the plaintiff, and that therefore the defendant would not be liable to the plaintiff in damages for such injuries, unless he authorized, commanded or assented to the action of the said Frank New, in inflicting the injuries upon the plaintiff, and that before the jury can find a verdict for the plaintiff they must find that the defendant did authorize, command or assent to the inflictions of said injuries."

The above requested instruction was by the court refused and in its stead the court gave its eighth instruction to the jury, which eighth instruction given by the court is as follows:

"8.   You are instructed that the employment of one as an ordinary waiter of tables in a restaurant does not confer upon such waiter the implied authority to eject persons from such restaurant, where the owner and proprietor is present and personally managing and controlling such business, and if the assault in this case was made by New without the knowledge and consent of the defendant, and after the relation of landlord and guest had terminated, and after the plaintiff had had ample time to leave the restaurant, then the plaintiff cannot recover, unless you further find from the evidence that he had the express authority from the defendant to eject persons, or that the defendant could by the ex-

crcise of reasonable diligence have prevented the assault and negligently failed to do so."

In the instruction requested by plaintiff in error the court is required to say that as a matter of law from the facts adduced upon the trial the waiter was not acting within the scope of his employment. Such instruction was properly refused. By giving it the court would have invaded the province of the jury in their determination that the waiter (New) in doing what he did, was acting within the scope of his authority and employment.

If the court had arrived at such a conclusion from the testimony there was no question left to be determined by the jury and the cause should have been determined by the court.

The court instead gave its 8th instruction above set out which informed the jury of the conditions under which the plaintiff might *not* recover, unless the jury further found that the servant was acting under express authority to eject persons from the room, or that the plaintiff in error by the exercise of reasonable diligence might have prevented the assault. In this we are unable to find reversible error.

The judgment of the court below is affirmed, with costs;

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.