## LITTLEFIELD LOAN & INVESTMENT CO v. WALKLEY & CHAMBERS et al.

No. 7994—Opinion Filed June 6, 1917.

(166 Pac. 90.)

**1. Trial—Instructions—Invasion of Province of Jury.**

It is error for the court to instruct the jury as to what the evidence shows upon a question of fact to be determined by the jury.

**2. Same—Construction of Writings.**

It is the duty of the court to construe unambiguous written instruments introduced in evidence. Instructions submitting to the jury the construction of written instruments in evidence, which contain no ambiguities or uncertainties requiring explanation, constitute error.

(Syllabus by Rummons, C.)

Error from County Court, Rogers County; H. Tom Kight, Judge.

Action by the Littlefield Loan & Investment Company, a copartnership composed of C. B. Littlefield and another, against Walkley & Chambers, a copartnership composed of C. W. Walkley and another. Judgment for defendants and plaintiffs bring error. Reversed and remanded.

C. B. Holtzendorff, P. W. Holtzendorff, and Chas. L. Moore, for plaintiffs in error.

H. Jennings, for defendants in error.

Opinion by RUMMONS, C. This action was commenced by the plaintiffs in error to re-

cover from the defendants in error the sum of $340.85, alleged to be due plaintiffs in error as premium upon certain fire insurance policies issued upon the property of defendants in error. The defendants in error answered, and alleged that the insurance was effected under the terms of a mortgage executed by them to C. B. Littlefield, one of the plaintiffs in error. The answer further alleged that defendants in error had executed in writing an assignment to said C. B. Littlefield of the rents and profits arising out of the property covered by said mortgage, which assignment provided that the said C. B. Littlefield should apply the rents so collected upon any indebtedness to him from said defendants in error as he might designate, first, to the unsecured indebtedness; second, to the secured indebtedness, and further alleges that the said C. B. Littlefield has collected more than $782 of rents and profits from said mortgaged premises, and that the sum so collected should have been applied to the satisfaction of the premiums due upon the policies of insurance for which plaintiff in error sought to recover, and that said indebtedness has been fully satisfied thereby. Defendants in error had judgment, and plaintiffs in error, having unsuccessfully moved for a new trial, bring this proceeding in error to reverse such judgment.

The only assignment of error which we deem it necessary to discuss in the determination of this case complains of the giving of certain instructions by the court over the objection and exception of the plaintiffs in error. Each one of these instructions was properly excepted to by plaintiffs in error. They may in reaching a conclusion in this case be considered together. They are as follows:

"Instruction No. IV.

"You are instructed, gentlemen of the jury, that the issues in this case are: Did the plaintiffs furnish insurance upon the property of the defendant? If they did, did they furnish more than the amount they had authority to furnish under the terms and conditions of the mortgage? If they did, have defendants paid plaintiffs the amount of the premiums of this insurance which they furnished upon the property belonging to defendants? Then you are instructed, gentlemen of the jury, to satisfy your minds on that line you are to take into consideration the contract entered into between these parties. This assignment of rents, gentlemen of the jury, if you find that an assignment of rents was made by the defendants to the plaintiffs, you are to take into consideration and try to determine from this contract you have in your possession what plaintiffs was bound to do and how to apply the rents from that building.

"Instruction No. V.

"You are instructed, gentlemen of the jury, that you are to find if the contract provided for the application of the rents or profits, first, to any unsecured debt which might have existed between plaintiff and defendant, second, to any secured indebtedness, then you are to determine, gentlemen of the jury, whether or not the rents were applied to secured or unsecured indebtedness. If you find that plaintiff applied these rents from the livery barn upon a secured debt, and the contract provides that it is to be applied to unsecured indebtedness, then plaintiff would have no right to apply these profits or rents from this building upon a secured debt unless he had first paid off the unsecured indebtedness existing between defendants and himself.

"Instruction No. VI.

"You are instructed, gentlemen of the jury, that you are to take the mortgage given to you and see what the conditions of the mortgage are. If you find, gentlemen of the jury, upon examination of the mortgage, that the insurance premiums which were paid by plaintiff were to be secured by the mortgage, then you are instructed that the contract in this case would not apply to the transaction. In other words, gentlemen of the jury, if the contract provides that the proceeds or rents from this building be applied, first, to any unsecured debt, and, second, to any secured debt, then you are to determine if from the terms of the mortgage this claim was secured and if the defendants were liable under both contract and mortgage, taken together for the payment of it.

"Instruction No. VII.

"You are instructed, gentlemen of the jury, that in the transaction of partnership business such as was testified in this case that the acts of one partner, as in this case it was testified, is binding upon the entire partnership, that is, the separate and individual acts of one partner by virtue of the partnership existing is binding upon the copartners.

"Instruction No. VIII.

"Gentlemen of the jury, in the trial of this case you are instructed that the burden of proof is upon the plaintiffs. They are required to make out their case by a fair preponderance of the evidence. What is meant by a fair preponderance of the evidence is the greater weight of the evidence. In civil cases the plaintiffs are not required to prove their cause of action to a mathematical certainty, but are required to prove them by a fair preponderance of the evidence; that is, it must be such evidence that would cause a reasonable, unbiased, unprejudiced mind to lean to one side rather than to the other. You are the sole judges of the testimony in this case and the credibility of the witnesses who testified. You are the sole judges of what has or what has not been proved.

"The defendants in this case, as additional defense, maintain that no statement was ever sent them with reference to this account or as to how the rents were to be applied which were collected by the plaintiff. In that connection you are instructed that the plaintiff, after receiving the rents from the building, would have a right, without a contract to the contrary, to apply the rents upon any indebtedness existing between the plaintiffs and defendants. You are instructed that you are to take the contract, assignment of rents, and the mortgage and arrive as near as you can as to what happened in this transaction."

The vices charged against these instructions are that the court submits questions of law to the determination of the jury and invades the province of the jury as to questions of fact. It is contended by counsel for plaintiffs in error that, as there is no latent ambiguity or uncertainty in the terms of the mortgage and assignment of rents given by the defendants in error, the interpretation of those documents was the province of the court, and that in submitting the interpretation of them to the jury, as was done in the instructions above quoted, the court committed error. It is further contended that in the seventh instruction the court invades the province of the jury and advises them as to the facts in evidence before them. We think the contention of plaintiffs in error is correct in both particulars. Instructions Nos. 4, 5, 6, and 8 submitted to the jury the interpretation of the mortgage and assignment of rents. Instruction No. 7 advises that the transaction in this case was partnership business, and to that extent invades the province of the jury, since whether or not the acts of one of the partners in dealing with the defendants in error was in the scope of the partnership business was a question of fact for the jury.

Where a written contract contains no ambiguities or uncertainties, and needs no parol testimony in explanation of its contents, its interpretation and application to the facts to be found by the jury is for the court. The court therefore erred in not interpreting these contracts and in submitting their interpretation to the jury. Midland Valley R. Co. v. Bailey, 34 Okla. 193, 124 Pac. 987. In fact, it seems to us that the instructions as given were epitomized by the trial court in the last sentence of the eighth instruction, and that said last sentence practically leaves the law of the case to the determination of the jury.

For these errors, the judgment of the court below should be reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.