## BYRD v. WOODS.

No. 9686—Opinion Filed March 2, 1920.

(Syllabus by the Court.)

1. **Fraud, Statute of—Promise to Answer for Debt of Another.**

Where a party orally promises to pay for goods furnished another, if the parol contract creates an original liability on the part of the promisor, and credit is extended solely to him, it does not fall within the statute of frauds. If the intention, however, of the promisor was that he should only be collaterally liable, and pay only in case of default of the party to whom the goods were furnished and to whom credit was extended, then such parol contract would fall within the statute of frauds, and be void.

2. **Same—Question for Jury.**

Record examined, and held, under the facts in the instant case, that the question as to whether the verbal undertaking was primary or collateral was a question of fact to be determined by the jury under proper instructions.

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by Henry Woods against Ed Byrd. Judgment for plaintiff, and defendant brings error. Affirmed.

George R. Rider, for plaintiff in error.

George S. March, for defendant in error.

BAILEY, J. This action was commenced in a justice of the peace court at Madill, Oklahoma, on February 2, 1916, and thereafter appealed to the district court of Marshall county. The bill of particulars filed by defendant in error alleged that the defendant, Ed Byrd, was indebted to him in the sum of $172.48 for goods, wares, and merchandise sold and delivered to said defendant. The plaintiff in error in his answer denied each and all of the allegations contained in the bill of particulars, and further answers as follows:

"Further answering, said defendant states that the contract upon which the cause of action of plaintiff is based is invalid and unenforceable as against this defendant, for the reason that said plaintiff seeks to hold this defendant upon a special promise to answer for the debt of his son, Ed Byrd, Jr., and that said alleged contract and no note or memorandum thereof was in writing."

Defendant in error filed a reply, denying the allegations in such answer, and on the issues thus joined the cause was tried to a jury, resulting in a verdict in favor of defendant in error, and from a judgment thereon this appeal is prosecuted.

The assignments of error, counsel says in his brief, present but one question for the

consideration of this court, viz: "The applicability of the statute of frauds to the facts established at the trial of this cause."

The evidence discloses that plaintiff in error was the owner in part and manager of a hotel building located in the city of Madill; that certain difficulties had been experienced in keeping the hotel in operation, and that in the month of May, 1915, the defendant had introduced his son to the defendant in error, with the statement that his son was going to take the management of the hotel, and that it would be necessary for him to have groceries and supplies. The exact conversation that occurred at this time is in dispute. It is testified by one witness that the plaintiff in error upon that occasion said: "Let them have what groceries they need, and he would see that it was paid." Another witness testified that on that occasion plaintiff in error said: "To let him have the groceries and he would pay for it." While it was the contention and evidence of plaintiff in error that he told Mr. Woods that they would need some help in getting started, and whatever amount they failed to pay the first month. or the first of the month, he would pay it. The evidence further discloses that payments were made upon the account both by plaintiff in error and by his son. There is other testimony relative to accounts being presented to plaintiff in error and his statement as to not being able to pay at the particular time, but that he would settle the account at a later date. Defendant in error claimed he extended credit to plaintiff in error.

The rule has been frequently announced by this court that where a party orally promises to pay for goods furnished another, if the parol contract creates an original liability on the part of the promisor, and credit is extended solely to him, it does not fall within the statute of frauds. If the intention, however, of the promisor was that he should only be collaterally liable, and pay only, in case of default of the party to whom the goods were furnished and to whom credit was extended, then such parol contract would fall within the statute of frauds, and be void. Smith v. Morton et al., 70 Oklahoma, 173 Pac. 520. As noted in 25 R. C. L., page 482:

"This, however, is frequently a convenient expression for distinguishing between cases within and those not within the statutes, and the announcement of the rule does not obviate the difficulty of determining the question as here presented, whether the evidence discloses the promise to be within the statute."

As was said by Mr. Justice Brewer. in Davis v. Patrick, 141 U. S. 479, 35 L. Ed. 826:

"The real character of the promise does not depend altogether upon the form of expression, but largely upon the situation of the parties; and the question always is, what the parties mutually understood by the language * * * whether they understood it to be a collateral or a direct promise."

In May v. Roberts, 28 Okla. 619, 115 Pac. 771, it is said:

"Where the language used was, 'I want you to go to that little house; my tenant's wife, Mrs. B., is sick, and I will see that it is paid,' such evidence was competent and material for the consideration of the jury, in connection with all the facts and circumstances proved, to determine whether the liability created was primary or collateral."

And in Richardson et al. v. Parker. McConnell & Co., 22 Okla. 339, 125 Pac. 442, where, in connection with evidence showing the relation of the parties as father and son, and the declaration made was: "That he was his son; that he moved down here and wanted me to let him have some groceries, and went on to say that whatever he got he would see that it was all right and paid for" —it was held that it was a question of fact for the determination of the jury, under proper instructions, as to whether the verbal undertaking was primary or collateral.

In the instant case, the court, without objection, instructed the jury:

"If you find from the evidence that it was the intention of the parties at the time of the conversation referred to in the testimony between the plaintiff and the defendant, that credit should be extended to R. J. Byrd or to him and someone else other than this defendant, and that the defendant, Ed Byrd, should not primarily be liable for the debt, but that he should pay it in case the other parties failed or refused to pay it, then it would be your duty to find for the defendant. * * * It is your duty to ascertain from the language used and the conduct of the parties. what their intention was, and if you find from the evidence that it was the intention of this defendant, Ed Byrd, to in the first instance be responsible to the plaintiff for the goods delivered to the Rock hotel, and you find he did expressly agree to be responsible for them, and you find that plaintiff extended the credit solely to him, Ed Byrd, then you should find for the plaintiff."

No error is pointed out in this instruction affecting plaintiff in error's rights, and we perceive none, and we think under the facts presented in the evidence that the question as to whether the verbal undertaking was primary or collateral was a question of fact to be determined by the jury under proper

instructions. May v. Roberts, supra; Richardson et al. v. Parker et al, supra; Linley v. Kelly, 42 Okla. 328, 47 Pac. 1015. The jury having found against the contentions of plaintiff in error, and there being evidence reasonably tending to support the verdict of the jury, such verdict will not be disturbed in this court.

The judgment is therefore affirmed.

OWEN, C. J., and PITCHFORD, McNEILL, and HIGGINS, JJ., concur.