## MOHAWK REFINING CO. v. TOW.

No. 10165—Opinion Filed Feb. 6, 1923.

(Syllabus.)

**1. Frauds, Statute of—Promise to Answer for Debt of Another.**

Where A. orally promises B. to pay for work performed by B. for C., which parol contract creates an original obligation on the part of A., and credit is extended only to A., such contract is not within the statute of frauds. The intention of the parties and the conclusion as to the kind of contract created, where there is a conflict in the evidence, is for the jury under proper instructions.

**2. Same—Question for Jury.**

Record examined, and held, that the jury having determined the issues in favor of the plaintiff, the judgment be affirmed.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by W. T. Tow against the Mohawk Refining Company upon an account. Judgment for plaintiff, and defendant appeals. Affirmed.

Jones & Foster and Suits & Hall, for plaintiff in error.

W. L. Coffey, Tom N. Griffith, and Hudson & Mason, for defendant in error.

KENNAMER, J.  W. T. Tow filed this action in the justice court of Tulsa county against the Mohawk Refining Company and Floyd Gray to recover the sum of $72, and alleged in his bill of particulars that the amount was due him for work and labor performed for the defendant at special instance and request. Judgment was rendered in justice court against both defendants for the amount claimed to be due. The Mohawk Refining Company appealed the action of the district court of Tulsa county, where the cause was tried to a jury and a verdict returned in favor of the plaintiff, W. T. Tow, against the Mohawk Refining Company. Judgment was entered upon the verdict of the jury against defendant, Mohawk Refining Company, and the defendant company prosecutes this appeal to reverse the judgment, setting up numerous assignments of error.

The evidence introduced in the trial of the cause on behalf of the plaintiff tended to show that during the year 1916 he worked for the defendant, Mohawk Refining Company, by the day with a team on excavation work. That about the first day of August, Mr. Williams, the superintendent in charge of the work for the defendant, Refining Company, let Floyd Gray have a contract to dig two tanks. That on the 31st day of July, 1916, Williams stated to Tow that he would have to lay him off as he had contracted his dirt work to Gray. That in reply to this statement of Williams, Tow said he would take his slips in; that he did not care to work for Gray; that he might be a right good fellow, but he might not be able to pay a man his money when the work was done. That Williams replied to Tow, "You go right ahead and I will take your time and see that you get your money right through the office just as my men get it."

It was the plaintiff's contention that he performed the labor for which the action was instituted, relying upon his contract with the defendant, Mohawk Refining Company, through Williams, its superintendent, that said defendant would pay for the work. The evidence of the plaintiff was corroborated by the testimony of a witness by the name of Rhine. The evidence of the witness, Williams, on behalf of the defendant on the material issue, contradicted the evidence of the plaintiff. The jury, however, upon the conflicting evidence found the issues in favor of the plaintiff, and this court will not disturb the verdict.

The evidence of the plaintiff was sufficient to establish a primary obligation upon the part of the defendant to pay the debt. If the defendant owed the debt under a primary obligation, the statute of frauds, as found in section 941, Revised Laws 1910, providing that contracts are invalid unless in writing and subscribed by the party charged, or his agent, for a special promise to answer for the debt, default, or miscarriage of another, has no application. Byrd v. Woods, 77 Okla. 236, 188 Pac. 337.

Counsel for the defendant complains that the court erred in giving to the jury instructions Nos. 3, 5, 6 and 9. We have examined the instructions, and it appears the court in these instructions, in substance, advised the jury that if the facts existed as testified to by the plaintiff, their verdict should be for him. But on the other hand, if the jury believed that the conver-

sation had between the plaintiff and defendant's superintendent was as testified to by the witness Williams, their verdict should be for the defendant. The court before giving these instructions had instructed the jury that the burden of proof was on the plaintiff, and in instruction No. 9 the jury was advised that the Mohawk Refining Company would not be liable by reason of any statements or representations it made to the effect that Mr. Gray was all right, but in order to hold the defendant liable, that it must be established the plaintiff started to work relying upon promises of the defendant to pay for the work.

It appears that the decisive issue in the case was whether the defendant, Mohawk Refining Company, was liable to the plaintiff under an original and primary contract to pay for the work performed, and the jury found the issue in favor of the plaintiff; the verdict being summed by sufficient evidence and the error, if any, in the instructions of the court was harmless and did not result in a miscarriage of justice. Under this view of the case, the judgment is affirmed.

JOHNSON, V. C. J., and KANE, NICHOLSON, and BRANSON, JJ., concur.