## SNODGRASS v. LAMUNYON.

No. 12402—Opinion Filed Dec. 11, 1923.

1. **Frauds, Statute Of—Promise to Answer for Debt of Another.**

Where a party orally promises to pay for goods furnished another, if the parol contract creates an original liability on the part of the promisor, and credit is extended solely to him, it does not fall within the statute of frauds. If the intention, however, of the promisor was that he should only be collaterally liable, and pay only in case of default of the party to whom the goods were furnished and to whom credit was extended, then such parol contract would fall within the statute of frauds, and be void.

2. **Same — Original Promise — Evidence— Charge to Third Party.**

The fact that goods and labor were charged on ·the books of the vendor to the party to whom it was delivered is competent evidence as tending to show that the sale was made to such party, and upon his credit. However, such fact is not conclusive evidence, and is open to ·explanation.

3. **Same—Affirmance.**

Record examined, and held, that this suit is ·on an original and not a collateral promise, and therefore not within the statute ' of frauds, and that the judgment be affirmed.

(Syllabus by Estes, C.)

Commissioners' Opinion, District No. 2.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Dave J. Lamunyon against R. H. Snodgrass in justice court. Judgment for plaintiff, who appealed to district court, wherein judgment on instructed verdict was for plaintiff, and defendant appeals. Affirmed.

W. W. Sutton, for plaintiff in error.

Harmon & Crowe, for defendant in error.

Opinion by ESTES, C. Defendant in error procured judgment in the justice of the

· peace court, and on appeal, also in the district court, for $94.15. He pleaded a cause for damages to his automobile due to the alleged negligence of plaintiff in error, done by the wife of plaintiff in error in driving the car of plaintiff in error, and also pleaded the promise of plaintiff in error to pay for the labor and parts required to repair said automobile. The answer was a general denial.

Defendant in error testified:

"Well, I asked Mrs. Snodgrass what we were going to do about it, and she said it was her fault and they would try and make it right. I told her that I would drive the car around to the garage where I bought the car, at the Simmons garage, and see about getting the repairs. She said she would go up—Mr. Snodgrass works for the Frisco Railroad Company—I think she said she would go up and see him and bring him down and they would try to fix it up and make it all right. She did so. She went up and got Mr. Snodgrass and they came down. * * * Well, he was talking about the car and Mr. Herschbergen, I believe it is, that works in the garage with Mr. Simmons, was taking the prices down and was looking at it, taking the names of the pieces down, and Mr. Snodgrass told him to go ahead and get repairs and fix the car up and he would settle the bill".

On cross-examination, the witness repeated that plaintiff in error stated that he would pay the bill. Another witness testified that plaintiff in error and his wife came to the car in the garage and looked it over and told the garage men to put the car in just as good shape as it was and that he, plaintiff in error, would pay for it. There is in the record other testimony tending to corroborate said witnesses. The evidence also shows that defendant in error and promise sought to have plaintiff in error pay said bill according to such promise and that the latter failed and refused so to do and that defendant in error did, later, pay same. Plaintiff in error rested his case without introducing any evidence, but demurred to the evidence of defendant in error. Same being overruled, the court instructed the jury to return a verdict for defendant in error for the amount sued for, and on such verdict the court rendered judgment against plaintiff in error, who appeals.

1, 2. Plaintiff in error contends that his alleged promise to pay was for the debt of his wife for her alleged tort for which he is not liable in law, and, also, being in parol, was void; and also that his alleged promise was to pay the debt of defendant in error to the garage owners, and, being in parol, was void. In support of the latter contention he urges the fact that the evidence shows that the said labor and repairs were charged to defendant in error by the garage company. Said fact is competent evidence as tending to show that the sale was made to the latter and upon his credit. However, such fact is not conclusive evidence and is open to explanation. Kesler et al. v. Cheadle, 12 Okla. 489, 72 Pac. 367. The statute of frauds, relied upon by plaintiff in error, is the second paragraph of section 5034, Compiled Oklahoma Statutes 1921, and provides, in substance, that a special promise to answer for the debt of another is invalid unless the same, or some memorandum thereof, be in writing and subscribed by the party or his agent. It is well settled that where a party orally promises to pay for goods or labor furnished another, if the parol contract creates an original liability on the part of the promisor, and credit is extended solely to him, such promise does not fall within said statute; and that if the intention of the promisor was that he should only be collaterally liable, and pay only in case of default of the party to whom the goods and labor were furnished and to whom credit was extended, then such parol contract would fall within said statute and be void. Byrd v. Woods, 77 Okla. 236, 188 Pac. 337; Mohawk Refining Co. v. Tow, 88 Okla. 207, 212 Pac. 601.

3. The foregoing evidence, and the record generally herein, not being contradicted by any testimony on behalf of plaintiff in error, shows that the said agreement of plaintiff in error to pay for said labor and parts was an original obligation on his part; that it was not the intention of the parties that defendant in error should pay said bill. The fact that said labor and parts were charged to defendant in error was not conclusive on the trial court that credit was extended to defendant in error by the garage company.

Under the foregoing, it is unnecessary to discuss the questions raised by plaintiff in error as to his liability for the tort of his wife, or whether such promise was for the debt of his wife, or the alleged errors of the court in refusing his requested instructions.

The judgment of the district court herein should be and is affirmed.

By the Court: It is so ordered.