## AMONS v. HOWARD.

No. 15301—Opinion Filed June 23, 1925.

Rehearing Denied Sept. 8, 1925.

**1 Frauds, Statute Of—Promise to Pay Debt of Another—Pleading—Sufficiency on Objection to Introduction of Evidence.**

Where the bill of particulars or the petition declares upon an original promise to pay the debt, and defendant answers, denying the original promise, and that the debt was incurred by another, and defendant's promise was not original but collateral, and was not in writing, and therefore within the statute of frauds, a question of fact is raised, and an objection to the introduction of evidence to support the allegations of the bill of particulars or petition cannot be sustained.

**2. Same—Original Promise or Collateral—Evidence—Jury Question.**

The question as to whether or not a verbal promise of the party to pay the debt is original or collateral is generally controlled by the intent of the parties, to be gathered from their conduct and relations to each other and all the facts and circumstances at the time bearing upon the issue, and is always a question of fact for the jury.

**3. Appeal and Error—Insufficiency of Evidence—Objections Below.**

Where the defendant does not demur to the plaintiff's evidence or request an instructed verdict, the sufficiency of the evidence to support the verdict will not be considered by this court.

**4. Same—Review—Sufficiency of Evidence.**

Where there is any competent evidence reasonably tending to support the verdict, the judgment will not be reversed on appeal.

(Syllabus by Ruth, C.).

Commissioners' Opinion, Division No. 3.

Error from County Court, Logan County; A. H. Bowles, Judge.

Action by J. V. S. Howard against Minnie Amons defendant, for professional services rendered at the special instance and request of defendant. Judgment for plaintiff, and defendant appeals. Affirmed.

B. F. Garrett, for plaintiff in error.

John Adams, for defendant in error.

Opinion by RUTH, C. The plaintiff, Howard, was a physician and brought his action against Minnie Amons recover judgment in the sum of $87.50. The action was originally filed in the justice of the peace court and appealed to the county court.

The plaintiff's bill of particulars alleges plaintiff rendered professional services, as physician, to one Frank Thompson at the special instance and request of defendant, who personally promised to pay for the services. The cause was tried to a jury in the county court and a verdict rendered for plaintiff and the defendant appeals, and assigns as error: First, the court erred in admitting any testimony offered by plaintiff, for the reason the contract was not in writing and the services were rendered to Frank Thompson; second, the court erred in refusing to give to the jury the following instructions requested by the defendant:

"You are instructed, as a matter of law, that a promise of one person to pay the debt of another, unless in writing and subscribed to by said person, where said person claims the defense of the statute of frauds, is invalid and not collectable in law, and unless you find from the evidence by a preponderance of the testimony that defendant did sign some writing to pay said debt you will find a verdict for the defendant" —third, there was no competent evidence to sustain the verdict of the jury.

It appears Frank Thompson, now deceased, was carrying an endowment policy in the sum of $500, in a certain fraternal society and Minnie Amons was a sister of deceased, and was the beneficiary named in the endowment policy.

The bill of particulars filed by plaintiff declares on an original contract between plaintiff and defendant, in which defendant is alleged to have promised to pay plaintiff for any professional services rendered her brother, Frank Thompson. Professional services rendered by a physician constitute a valuable consideration to support a promise to pay for same, and any person may contract for the services of a physician rendered to a third person, and where the bill of particulars or petition declares upon an original promise, evidence in support of such allegations is competent, and such promise

is binding upon the parties if made orally, and it is purely a question of fact for the jury to determine from all the evidence whether such promise was an original promise to pay a debt contracted by defendant, or whether it was special promise to answer for the debt, default, or miscarriage of another, which latter promise is required by the second subdivision of section 5034, Comp. Stat. 1921, to be in writing, and the court did not err in overruling the objection of evidence to sustain the allegations in the bill of particulars, and it requires no extended citation of authorities to sustain this position.

"Where a person requested a physician to 'look after and care for another' and told the physician that he would see that his bill therefor was paid, the transaction was not within the statute of frauds, if the liability was primary." May v. Roberts, 28 Okla. 619, 115 Pac. 771.

"The question as to whether or not a verbal promise of the party to pay the debt, * * * is original or collateral is generally controlled by the intent of the parties to be gathered from their conduct and relations to each other and all the facts and circumstances at the time, bearing upon the issue, and in such case, it is always a question of fact for the jury." Waldock v. First National Bank of Idabel, 43 Okla. 348, 143 Pac. 53; Kesler v. Cheadle, 12 Okla. 489, 72 Par. 367; Richardson v. Parker, McConnell & Company, 33 Okla. 339, 125 Pac. 442; Smith v. Morton. 70 Okla. 157, 173 Pac. 520; Byrd v. Woods, 77 Okla. 236, 188 Pac. 337; Mackey v. Nicholl, 60 Okla. 12, 158 Pac. 593; Lindley v. Kelley, 47 Okla. 328, 147 Pac. 1015; Mohawk Refining Company v. Tow, 88 Okla. 207, 212 Pac. 601.

The instruction requested by the defendant in effect requests the court to find that it was not an original promise by the defendant to pay for the services to be rendered, but to find that it was a special promise falling within the statute (5034 supra) and to so instruct the jury.

The question was one of fact and the jury are the sole and exclusive judges of the facts, and to have given the instruction as prepared and submitted by defendant would have been an invasion by the court of the province of the jury, and would have constituted reversible error if same had been given.

"A division of function between court and jury is essential to the safe administration of justice, and a new trial will always be granted where the judge interferes with the lawful province of the jury to the prejudice of the complaining party.

"Where there is an issue as to the existence of certain facts and evidence affirming and denying their existence it is error for the court to instruct the jury that the evidence tends to prove such facts." St. Louis & S. F. R. Co. v. Wilson, 32 Okla. 752, 124 Pac. 326; Heithecker v. Fitzhugh, 41 Kan. 50, 20 Pac. 465; Littlefield Loan & Investment Company v. Walkley & Chambers, 65 Okla. 246, 166 Pac. 90; Tubbs v. Shears, 55 Okla. 616, 155 Pac. 549; Goodwin v. Greenwood, 16 Okla. 489, 85 Pac. 1115; Chicago, R. I. & P. Ry. Co. v. Stibbs, 17 Okla. 97, 87 Pac. 293; Humphrey v. Morgan, 30 Okla. 343, 120 Pac. 577.

This court further cites with approval Davis v. Gerber, 69 Mich. 246, 37 N. W. 281, where it was said:

"The court may always tell the jury, when he shall deem it proper or necessary, for what purpose certain testimony was received, but it is not proper for the court to say to them, after the evidence is in, what the testimony tends to show, or prove unqualifiedly, or without submitting to them in the same, the question of its credibility. Whether the testimony does or does not tend to prove any particular fact depends entirely on whether the jury believes the testimony and it is for the jury always and not for the court."

The evidence in the case under review was conflicting, and there was no error in the refusal of the court to give the instruction requested by defendant.

Defendant's third assignment of error is leveled against the sufficiency of the evidence to sustain the verdict.

Defendant did not demur to the plaintiff's evidence nor request an instructed verdict at the conclusion of the evidence, nor does she set forth any evidence in his brief or argue the question, and the sufficiency of the evidence to support the verdict will not be considered by this court. Holland Banking Co. v. Dicks, 67 Okla. 228, 170 Pac. 253; Schmucker v. Clifton, 62 Okla. 249, 162 Pac. 1094; Norman v. Lambert, 64 Okla. 238, 167 Pac. 213.

The evidence set forth in the brief of plaintiff reasonably tends to support the verdict, and where there is any competent evidence reasonably tending to support the verdict, the judgment will not be reversed on appeal. Headding v. Powell, 97 Okla. 118, 222 Pac. 978; Ross E. Thomas & Sons v. Axtell, 77 Okla. 228, 223 Pac. 152; Beren v. Horton, 98 Okla. 88, 224 Pac. 174; Jones v. Hudson, 98 Okla. 116, 224 Pac. 185.

No error appearing in the record the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 C. J. p. 390, § 491. (2) 27 C. J. p. 390, § 491; anno. 15 L. R. A. (N. S.) 215, 216, 32 L. R. A. (N. S.) 598. 25 R. C. L. p. 490, 4 R. C. L. Supp. 1591. (3) 3 C. J. p. 836, § 745; p. 839, § 746. (4) 4 C. J. p. 853, §2834.