## GREENBACK v. COOPER.

No. 19754. Opinion Filed Sept. 10, 1929.

William M. Thomas, for plaintiff in error.

Frank Nesbitt and W. R. Chesnut, for defendant in error.

DIFFENDAFFER, C. This is an action for damages for personal injuries growing out of the same collision as that of John Greenback v. Guy W. Wood, No. 19755, 138 Okla. 53, 280 Pac. 464. The case was tried to the same jury at the same time, upon the same evidence, except as to the nature and extent of the injuries received. The same questions are raised upon appeal, and as to the first question, viz., the identity of defendant as the driver of the car that caused the injuries, the verdict here is alike conclusive against defendant.

As to the amount of damages awarded by the jury, we think the contention of defendant that the same is excessive is well taken. The verdict was for $1,250.

The entire evidence of plaintiff as to the nature, extent, and effect of her injuries is as follows:

"Q. Were you injured in that collision there, Mrs. Cooper? A. Yes, sir. Q. In what way were you injured? A. Well, I had my hand cut very severely. Q. Is that cut there on your left hand right by your index and middle finger the cut you received in that wreck? A. Yes, sir. Q. Do you know to what extent that cut has affected your hand? A. Well, this finger here is rather stiff. Q. Did it cut the tendons there? A. Yes, sir. Q. In what other respect, if any, were you injured in that collision? A. Well, I had a strained back and my left shoulder is still injured apparently. * * * Q. Miss Cooper, at the time you were injured out there, did you have a job? A. Yes, sir. Q. Where? A. At Seminole. Q. What was it? A. Well, I was cashier and bookkeeper in a filling station. Q. How much per month would you have made? A. I don't know just exactly, probably $35. Q. Well, how long were you unable to perform any work on account of the injuries you say you received in this collision? A. About six weeks. Q. About six weeks—how long were you under the doctor's care? A. Four weeks. Q. And then two weeks after that you were not under his care? A. Yes, sir."

There is no evidence whatever tending to show any permanent injuries. Of course, it will be presumed that plaintiff suffered some physical pain, as a result of the cut received. True, she testified that the tendon of her index finger on her left hand was severed, but the record does not show that this was a permanent injury. All she would say at the time of the trial was that her finger was "rather stiff."

We think the evidence is wholly insufficient to support a judgment for $1,250, and

that the jury must have disregarded the instructions of the court wherein it told the jury:

"And with reference to the plaintiff, Cooper, you are told that under no circumstance, under the present state of the record, would you be justified in allowing her any compensatory, or other damage, by reason of her alleged permanent injuries to her hand or person, or for future suffering and pain, either mental or physical."

Under this state of the record, we are of the opinion, that the judgment should be affirmed only upon condition that defendant in error herein, Vera Cooper, file a remittitur with the clerk of this court in the sum of $500, within 30 days from the date of the filing of this opinion, and that upon the filing of such remittitur within such time, the judgment be affirmed, and upon the failure so to do, the cause be reversed and remanded for a new trial.

BENNETT, HERR, FOSTER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.