## GREENBACK v. WOOD.

No. 19755.  Opinion Filed Sept. 10, 1929.

William M. Thomas, for plaintiff in error.

Frank Nesbitt and W. R. Chesnut, for defendant in error.

DIFFENDAFFER, C. Defendant in error was plaintiff in the trial court and plaintiff in error was defendant. They will be so referred to herein. Plaintiff brought this action to recover damages growing out of a collision between an automobile being driven by him and one alleged to have been driven by defendant. The collision occurred on the public highway while plaintiff was driving west from the town of Quapaw on May 26, 1927. Riding in the automobile with plaintiff at the time of the accident were Eulalia Wood and Vera Cooper. Separate suits were brought by each of them, but by stipulation of the parties the three cases were tried together upon the same evidence, separate verdicts being returned.

It is alleged that while plaintiff was driving his automobile at a moderate rate of speed along the highway and on the right side thereof, the defendant driving in the same direction passed plaintiff on the left, and carelessly and negligently ran his automobile into and against the left side of plaintiff's car, overturning same so that plaintiff's automobile was damaged and plaintiff was forcibly thrown against the steering wheel of his car, so that his chest was injured, three of his ribs were broken, and he was cut and gashed and bruised severely. The damage to his car was alleged to be $26. He alleged that by reason of his injuries he suffered great physical and mental pain; that he was rendered totally unable to work for three months; that his time lost was worth $5 per day or $400; that his clothing was torn and damaged to the extent of $50; that he was compelled to expend $25 for doctor's bill, and for his physical injuries, pain and suffering he was damaged in the sum of $5,000. He prayed for judgment for $5,506.

The answer was a general denial. The case was tried to a jury resulting in a verdict and judgment for plaintiff in the sum of $1,500, and defendant appeals therefrom.

It was stipulated at the trial that in each of the three cases the negligence of the person causing the injury was admitted, and that the evidence be limited only to the identification of the defendant and the extent of the damages suffered by each of the plaintiffs.

Defendant presents but two questions in this appeal: (1) That the evidence is not sufficient to support the verdict, in that

plaintiff failed to establish that John Greenback was the person who ran into his car, and (2) the damage awarded by the jury is excessive, is not supported by the evidence, and appears to have been given under the influence of passion and prejudice.

The record discloses that plaintiff, his wife, and Vera Cooper were driving in a Ford Roadster going from Quincy, Mo., to Seminole, Okla.; were stranded in Quapaw and not acquainted with any one there; that on the evening of May 26, 1927, they left Quapaw, going west on Federal Highway No. 66. A short way out of Quapaw they passed a young Indian boy driving a Ford Roadster going in the same direction. Shortly after passing the car, Mrs. Wood and Miss Cooper looked back and observed the Indian coming on after their car, and noticed his features and appearance; that he appeared to be mad and started to pass them; that they observed him as he passed, and as he got about opposite their car, he swerved his car to the right and ran to the right and into the left front wheel of the car driven by plaintiff; that plaintiff observed defendant as he drove alongside of his car. When the car driven by the Indian struck plaintiff's car, it threw it from the road and turned it over. The driver of the car did not stop but proceeded on west for about —— miles, where he turned off the highway No. 66 to the south at which point he was met by James Philer who, accompanied by his wife and daughter, Gladys, about 14 years of age, was coming into the highway from the south, where he slowed down his car in order to allow Philer to pass. Philer and his family drove on to the scene of the accident, arriving while plaintiff, his wife, and Miss Cooper were lying upon the ground. Plaintiff, his wife, and Miss Cooper were then taken to Quapaw where their injuries were treated by a physician. Plaintiff remained in Quapaw several days immediately after the accident without being able to obtain any definite information as to the identity of the driver of the car that caused the accident.

Plaintiff and his wife returned to Quapaw some four weeks after the accident at which time they saw defendant upon the street and identified him as the driver of the car.

At the trial Mrs. Woods, Miss Cooper, and plaintiff positively identified defendant as the driver of the Ford car who caused the accident. He was partially identified by Gladys Philer as the driver of the car which she met at the corner. She also described the car as it was described by plaintiff. Mrs.

Wood and Miss Cooper, except that she testified the car which he met had what she termed "side wings" or side wind shields, extending out from the windshields, which neither plaintiff, Mrs. Wood, nor Miss Cooper observed. In other respects her evidence and that of Mrs. Philer, her mother, was practically the same as that of plaintiff, Mrs. Wood, and Miss Cooper, as to the description of the car.

Defendant, Kenneth Oiler, Wilson Stands and Alphonso Greenback all testified that defendant was not and could not have been at the scene of the accident, in that they were all together on that day fishing on Spring river some three and one-half miles south and east of Quapaw, all that day and well into the night. It was shown conclusively that defendant did not and never had owned a Ford car of any kind. But it was shown that he sometimes drove a Ford roadster of the general description of the car that struck plaintiff's automobile except that it did not have the side wind shields, which belonged to Arthur Stanley, who, at the time of the trial was a driver for the Greenback family. Stanley denied positively that defendant was driving his roadster on the evening of the accident.

There was considerable other evidence on either side tending to substantiate the case of the respective parties thus bringing about a very sharp conflict in the evidence as to the identity of the party driving the Ford roadster which caused the accident. We deem it unnecessary to quote from the evidence, for the reason that to do so could only bring out this sharp conflict. There is abundant evidence by plaintiff, if believed by the jury, to establish his case. There is likewise abundant evidence by defendant, if believed by the jury, to establish his defense. The rule is well settled that questions of fact, such as the one here, are exclusively for the jury, and where a question of fact is submitted to a jury under proper instructions, their finding thereon will not be disturbed if there is any competent evidence which reasonably tends to support the same. Amons v. Howard, 111 Okla. 195, 239 Pac. 217; Robb v. Moffett, 112 Okla. 20, 239 Pac. 674. Upon this point the verdict of the jury is conclusive.

As to the amount of the judgment, the evidence of plaintiff, which is not contradicted, is that one of his ribs was broken; he was injured in the chest to the extent that it was somewhat indented at the time of the trial, February 13, 1928; that he suffered such pain that he was unable to sleep

well to the date of trial; that he lost three months' time from his work as a carpenter, at which he was earning $7.50 per day; paid out $22 for repairs on his car; his clothing of the value of $25 was torn and ruined, and he paid $25 doctor's bill. Defendant does not cite any fact or circumstance that would in any way tend to show that the jury was prejudiced against him, or actuated by passion or bias in arriving at their verdict.

It has been held by this court that in an action for personal injuries, the verdict of the jury will not be set aside as excessive unless it clearly appears that the jury has committed some gross and palpable error, or acted under some improper bias, influence or prejudice, or has mistaken the rules of law by which the amount of damage is fixed. St. L. & S. F. Ry. Co. v. Simmons, 119 Okla. 1, 245 Pac. 894; Sand Springs Ry. Co. v. Westhafer, 92 Okla. 89, 218 Pac. 525. It was the duty of the jury to make the award under the evidence. The evidence shows substantial injuries of such nature as would necessarily cause considerable pain and suffering. Under the circumstances, we are unable to say that a verdict of $1,500, which includes the damages to the. car, medical care, loss of time, etc., is excessive.

The judgment should be affirmed.

BENNETT, HERR, FOSTER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.