### GREENBACK v. WOOD.

No. 19756.  Opinion Filed Sept. 10, 1929.

William M. Thomas, for plaintiff in error.

Frank Nesbitt and W. R. Chesnut, for defendant in error.

DIFFENDAFFER, C. The parties appear in the adverse relation to that in the trial court. They will be referred to herein as in the trial court. This action is one growing out of the same accident as that of John Greenback v. Guy W. Wood, No. 19755, 138 Okla. 53, 280 Pac. 464. It was tried at the same time, before the same jury, and a separate verdict rendered in favor of the plaintiff. The case-made is the same and the verdict rendered upon the same evidence, except as to the nature and extent of the injuries received. The questions raised are the same; it being stipulated that the only questions in the case are: (1) The identification of defendant as the person who collided with plaintiff; and (2) the mount of damages suffered by plaintiff.

What we have said with reference to the first question in John Greenback v. Guy W. Wood, No. 19755, is applicable in this case, and we deem it unnecessary in the instant case to again state the facts. The verdict of the jury was returned upon conflicting evidence, under proper instructions, and is conclusive upon the question of the identification of defendant.

The verdict and judgment were in favor of plaintiff in the sum of $1,000.

The uncontradicted evidence of plaintiff was that her left arm was broken so that the bone protruded about one inch; her shoulders and back were injured; she suffered considerable pain; and at the time of the trial she testified she still suffered se-

vere pain in her shoulder; that her back had gotten about all right; her arm still pained her at times, and was somewhat disfigured.

We think the record clearly shows substantial injuries, pain, and suffering sufficient to sustain a judgment for $1,000.

The record does not disclose any fact or circumstance indicating that the jury were influenced by bias, prejudice or passion. The jury was properly instructed, and it does not appear that they were in any way mistaken or misled in the rules of law as to the proper measure of damages.

The judgment should be affirmed.

BENNETT, HERR, FOSTER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.