YELLOW CAB OPERATING CO. et al. v. CORD.

No. 29598.    April 16, 1940.

*101 P. 2d 631.*

Dudley, Hyde, Duvall & Dudley, of Oklahoma City, for plaintiffs in error.

Butler & Rinehart, of Oklahoma City, for defendant in error.

GIBSON, J.    This is an action wherein both parties by their respective pleadings seek damages for personal injuries and property damage caused by collision of their automobiles.

Plaintiff recovered a verdict for $4,000, but on motion for new trial the court ordered a remittitur and reduced the sum to $2,600. The defendants appeal.

Defendants say the verdict as modified is excessive, and that the trial court erred in permitting the jury to assess damages for future pain and suffering.

It is insisted in this behalf that according to the evidence plaintiff's actual damage could not have exceeded $569.70, and consisted of loss in earning capacity, her hospital bill, and repairs to her car. It is said here that the personal injuries were of a minor nature, without material external evidence and wholly subjective, and that $2,600 is an excessive recovery under such circumstances. Levan v. Chicago, R. I. & P. Ry. Co. (Minn.) 196 N. W. 673; Greenback v. Cooper, 138 Okla. 56, 280 P. 466.

It is true that in actions for personal injury the courts will usually exercise extraordinary caution to guard against excessive verdicts where the alleged injuries are shown to be wholly subjective, or based entirely upon the symptoms as stated by the injured party. In the Levan Case, above, it was held that "a verdict for $2,750 for personal injuries, of which there were almost no external evidences, is excessive. No considerable verdict should be allowed to stand upon proof of subjective symptoms only." And in our own case, Greenback v. Cooper, above, a remittitur was ordered apparently on the ground that the evidence showed neither permanent injury nor external indication of actual injury of any consequence.

If in fact the evidence failed to show any outward indications of injury, and there was no proof from which future pain might be inferred or determined, perhaps some merit would attach to the assertion that the award, over and above the actual loss suffered as aforesaid, was excessive. But plaintiff's symptoms were not wholly subjective. After the accident she was removed to the hospital, where she received treatment for numerous cuts and serious bruises. According to the attending physicians, her left mastoid process had suffered serious contusion. Her arm became so swollen that the physicians thought for some hours that an operation would be necessary to relieve the condition. Certain ligaments were pulled and injured. Just above her ear and in the region of the mastoid, the bones were out of normal position, and there were many other bruises on her body. It is true that most of these injuries were no longer visible at the time of the trial, but originally they were objective symptoms from which attending physicians should be competent to give reasonably accurate opinion as to the extent and probable duration of pain and suffering to be experienced therefrom. That outward evidence of the injuries may have almost disappeared at the time of the trial does not mean that her symptoms were to be considered as wholly subjective.

The jury may infer future pain and suffering where the injury is objective and it is plainly apparent from the nature thereof that the injured party must of necessity suffer future pain, but where the injury is subjective, the verdict must be supported by evidence of expert witnesses to the effect that the plaintiff with reasonable certainty will experience future pain and suffering. S h a w n e e - Tecumseh Traction Co. v. Griggs, 50 Okla. 566, 151 P. 230.

Expert witnesses testified that plaintiff's arm would likely improve, but would probably never be normal again, that the same would give out quickly and cause pain, and that the bruises on her head, clearly apparent after the accident, would cause headaches for some time to come. Plaintiff testified that she was making no claim for permanent injuries, but that she still experienced pain from the bruises.

Even if it could be said that the injuries were not of such an objective nature as would permit the jury to infer future pain and suffering, the expert testimony above supplied sufficient evidence to support such a finding. In view of this testimony we are of the opinion that the trial court did not err in permitting the jury to consider the question and to allow damages therefor. We cannot say that the verdict is excessive.

The judgment is affirmed.

BAYLESS, C. J., and O S B O R N , CORN, and HURST, JJ., concur.