## SMITH v. MORTON et al.

No. 8499—Opinion Filed June 11, 1918.

(173 Pac. 520.)

**1. Appeal and Error—Invited Error—Cross-Examination—Reversal.**

Where plaintiff in error invites error by introducing immaterial and irrelevant evidence in chief, the cause will not be reversed because of the admission, upon cross-examination of his witness, of incompetent, irrelevant, and immaterial evidence respecting the immaterial matter brought out in chief, it not being made to appear that a miscarriage of justice has resulted.

**2. Frauds, Statute of—"Promise to Pay Debt of Another"—Original or Collateral Promise—Question for Jury.**

Where a party orally promises to pay for goods furnished another, if the parol contract creates an original liability on the part of the promisor and credit is extended solely to him, it does not fall within the statute of frauds. If the intention, however, of the promisor was that he should only be collaterally liable, and pay only in case of default of the party to whom the goods were furnished and to whom credit was extended, then such parol contract would fall within the statute of frauds and be void. Whether or not said parol contract was primary or collateral is a question of fact for the jury under proper instructions.

(Syllabus by Rummons, C.)

Error from County Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Walter W. Morton and William P. Morton against John Smith. Judgment for plaintiffs, and defendant brings error. Affirmed.

Joseph P. Rossiter, for plaintiff in error.

Joe S. Eaton, for defendants in error.

Opinion by RUMMONS, C. This is an action brought by the defendants in error against the plaintiff in error to recover for goods, wares, and merchandise sold to one Mrs. Alice Griffin. Defendants in error had judgment, and plaintiff in error appeals.

Plaintiff in error first complains of the introduction of certain evidence by the defendants in error over his objection. Plaintiff in error, being a witness in his own behalf, testified as to trying to find Mrs. Griffin for the purpose of procuring her testimony at the trial. Upon cross-examination he testified that he wanted her as a witness. The defendants in error were then permitted, over his objection, to inquire as to whether or not at a previous trial she had testified as to certain facts, and the plaintiff in error admitted that she gave such testimony. It is contended on behalf of plaintiff in error that the testimony complained of was prejudicial to him, not only as being improper and incompetent, but because it appears from the evidence that the woman, Mrs. Griffin, was of immoral character, and that the evidence elicited upon cross-examination of plaintiff in error tended to connect him with her in the minds of the jury in an improper way. There can be no merit in the

later contention, since the evidence of any misconduct on the part of Mrs. Griffin was brought out by counsel for plaintiff in error upon his direct examination. While we do not regard the questions propounded to the witness as to the testimony given by Mrs. Griffin at a previous trial as proper, yet we do not consider the overruling of the objections of plaintiff in error to these questions to be reversible error. Plaintiff in error offered testimony upon the immaterial question of the whereabouts of Mrs. Griffin and his efforts to find her. The only purpose for which this testimony could have been offered would be to impress the jury with the idea that Mrs. Griffin, if present, would testify favorably to plaintiff in error, and that plaintiff in error had been unable to produce her. The defendants in error, upon cross-examination, then sought to show that her testimony at a previous trial had been unfavorable to plaintiff in error. We conclude that the plaintiff in error, having introduced testimony upon this immaterial point, cannot now be heard to complain that he was thwarted in his purpose in producing such testimony by a cross-examination which tended to show that Mrs. Griffin, if present, would have been an unfavorable witness as to some of the matters testified to by plaintiff in error.

Plaintiff in error next complains of the judgment of the court for the reason that the agreement on the part of plaintiff in error to pay for the goods, wares, and merchandise sold to Mrs. Griffin alleged and proved by the defendants in error was within the statute of frauds, as being a promise to answer for the debt or default of another, and, not being in writing, was therefore void and unenforceable. One of the defendants in error testified that the plaintiff in error at the time the goods were ordered told him to let Mrs. Griffin have what goods she wanted, and that he, plaintiff in error, would pay for them, and that he let her have the goods because plaintiff in error promised to pay for them, and that he knew plaintiff in error from a financial standpoint. The plaintiff in error denies making any promise whatever.

Where a party orally promises to pay for goods furnished another, if the parol contract creates an original liability on the part of the promisor, it is not within the statute of frauds. If the intention, however, of the promisor is that he should only be collaterally liable and pay only in case of default by the party to whom the goods were furnished, then such parol contract would fall within the statute of frauds and be void. The question of whether the parol contract was original or collateral is a question of fact for the jury under proper instructions. May v. Roberts, 28 Okla. 619, 115 Pac. 771; Richardson et al. v. Parker, McConnell & Co., 33 Okla. 348, 125 Pac. 442; Lindley v. Kelly, 47 Okla. 328, 147 Pac. 1015. In the instant case, whether or not said undertaking of the plaintiff in error was original or collateral was submitted to the jury under instructions of which no complaint is made, and the verdict of the jury is therefore conclusive against the plaintiff in error.

Finding no reversible error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.