### CALES v. GRAY.

No. 13991—Opinion Filed Dec. 9, 1924.

1. **Frauds, Statute of—Oral Promise to Pay Debt of Another.**

Where one person orally assumes an obligation to pay a debt created by a benefit extended to another, if such oral contract creates an original liability on the part of such promisor and credit is extended to him, such contract does not fall within the statute of frauds. If the intention of the parties, however, was that the promisor should only be collaterally liable, and pay only in case of default of the person receiving the benefit to whom credit was extended, then such parol contract would be within the statute of frauds and void.

2. **Same—Question for Court or Jury—Promise Direct or Collateral.**

Ordinarily the question whether or not the promise of the person sought to be bound is direct or collateral is a question to be submitted to the jury, but where under all the testimony all reasonable persons must reach the conclusion that the liability was collateral, a demurrer to the testimony of the plaintiff should be sustained by the court.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Pawnee County; Redmond S. Cole, Judge.

Action brought by Alice J. Gray against Ira Cales and John Kinney. From a judgment for plaintiff, defendant Ira Cales appeals. Reversed and remanded, with directions.

McCollum & McCollum, for plaintiff in error.

Prentiss E. Rowe and Preston R. Calvert, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendants as they were designated in the trial court.

On the 28th day of November, 1921, the plaintiff commenced an action before a justice of the peace of Pawnee county against the defendant Ira Cales and one John Kinney. The plaintiff recovered in the justice

court against both defendants, and from this judgment the defendant Ira Cales appealed to the district court of Pawnee county, and the judgment of the justice of the peace became final as to the defendant John Kinney. The facts necessary to an understanding of the case are as follows:

On the 22nd day of March, 1921, the plaintiff being the owner of a dwelling house in Ralston, Okla., leased the same to said John Kinney at and for the monthly rental of $16, payable in advance. And it is alleged in the plaintiff's bill of particulars that the defendant Ira Cales agreed to pay said rent for defendant Kinney. In support of this allegation in the bill of particulars the plaintiff proved upon the trial that on the 22nd day of March, 1921, through her agent, Alonzo A. Gray, she leased said house to said Kinney; that after Kinney had looked at the house and concluded to rent it, he told Alonzo A. Gray that he did not have the money with which to pay the rent and he asked Mr. Gray to go with him to see Mr. Cales, and thereupon Mr. Kinney and Mr. Gray went to the garage owned and operated by the defendant Ira Cales, and that the following conversation was had. Mr. Kinney said to Mr. Cales: "I have rented Grays house up here. I haven't got the money and I told Mr. Gray you would stand good for it," and that in response to this the defendant Cales said, "All right. You go ahead and move in. Let Mr. Kinney go ahead and move in and I will see that you get your money." On cross-examination the witness Gray said that Kinney "told Cales and I together,—he said,—Both 'Mr. Cales I have rented Mr. Gray's house, I am renting Mr. Gray's house and I told him I would see you and have you stand good for it.' He said, "All right, Gray, I will see that you get your money.'" This was all of the evidence tending to connect the defendant Cales with the transaction. The evidence on the part of the plaintiff further proved that Kinney occupied the house for nine months and paid the plaintiff one month's rent and that there was due the plaintiff for such rent the sum of $128.

The defendant demurred to the plaintiff's evidence upon the grounds that the evidence of the plaintiff was insufficient to warrant a recovery, for the further reason that if any promise whatever was made by the defendant Cales, it was to answer for the debt or default of another, and within the statute of frauds. Comp. Stat. 1921, section 5034. The court overruled the demurrer and the trial resulted in a verdict and judgment for the plaintiff. The defendant moved for a new trial upon the grounds that the verdict was not sustained by sufficient evidence, and that the court erred in overruling the demurrer to the evidence. This motion was overruled and the defendant has duly appealed to this court.

As we view it, there is no theory upon which the judgment appealed from can be upheld. The plaintiff testified that she collected one month's rent from Kinney, and it appears from the pleadings and the evidence that the house was originally rented to Kinney. The promise of Cales, relied upon, was made for the benefit of Kinney. And under the settled rule in such cases such promise was within the statute of frauds if any credit was extended to Kinney. If Kinney was liable to the plaintiff at all, the promise of Cales was collateral, and being oral was unenforceable. In order to hold one person for the debt of another it is necessary to show that credit was given exclusively to such promisor. 27 C. J. 140, sec. 28; Byrd v. Woods, 77 Okla. 236, 188 Pac. 337; Smith v. Morton et al., 70 Okla. 157, 173 Pac. 520; Mueller v. Woodson (Mo.) 198 S. W. 1134; Browne on the Statute of Frauds, section 197.

Ordinarily the question as to whether the promise to pay the debt of another is an original or collateral promise is a question of fact for the jury, but in this case it appears from the plaintiff's own testimony that after the promise of Cales she still held Kinney liable for the rent and secured a judgment against him for the identical indebtedness for which she now seeks to hold Cales. This cannot be done. Mueller v. Woodson, supra.

We are not unmindful that the beneficiary and the promisor may become jointly liable, but no such case is presented here. The bill of particulars alleges that the house was rented to Kinney. The evidence shows that there was no joint promise or joint obligation. The promises made were independent separate promises of two people without joint interest, one to pay his own debt, and the other to pay the same debt. We therefore recommend that the judgment appealed from be reversed and the cause remanded to the district court of Pawnee county with directions to dismiss the cause as to the defendant Cales.

By the Court: It is so ordered.

Note.—See under (1) 27 C. J. § 28; (2) 27 C. J. § 492 (1926 Anno).