### EGOLF et al. v. OKLAHOMA PRESS PUB. CO.

No. 15033—Opinion Filed March 17, 1925.

Rehearing Denied July 7, 1925.

**Frauds, Statute of—Oral Agreement to Pay for Goods Furnished Another.**

Where a party orally promises to pay for goods furnished another, if the parol contract creates an original liability on the part of the promisor and credit is extended solely to him, it does not fall within the statute of frauds. If the intention, however, of the promisor was that he should only be collaterally liable, and pay only in case of default of the party to whom the goods were furnished and to whom credit was extended, then such parol contract would fall within the statute of frauds and be void.

(Syllabus by Jarman, C. )

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by the Oklahoma Press Publishing Company against W. D. Egolf, J. F. Darby, H. H. Bell et al. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

T. L. Gibson and Glenn Alcorn, for plaintiffs in error.

Broaddus & Ambrister, for defendant in error.

Opinion by JARMAN. C. This was an action by the Oklahoma Press Publishing Company to recover for certain job printing and advertising matter furnished to the Eastern Oklahoma Agricultural Association. The plaintiff is the successor of the Phoen-

ix Printing Company and the plaintiff took over and became the owner of all of the assets of said Phoenix Printing Company, among which being the item forming the basis of this action.

The petition of the plaintiff alleges that on or about February 13, 1914, the defendants, W. D. Egolf, J. F. Darby and H. H. Bell, for themselves, and as agents of the Eastern Oklahoma Agricultural Association, contracted with the Phoenix Printing Company for the furnishing of certain job printing and advertising matter for the use of the Eastern Oklahoma Agricultural Association, and that, pursuant to said contract, the Phoenix Printing Company furnished said job printing and advertising matter, at the agreed price, amounting to $196.25, which the defendants have failed and neglected to pay.

The defendants filed separate verified answers denying that they were agents of or in any wise connected with the Eastern Oklahoma Agricultural Association, and denied, further, that they, in their own behalf or as agents of the Eastern Oklahoma Agricultural Association, entered into a contract with the Phoenix Printing Company for the furnishing of any job printing or advertising matter for said Eastern Oklahoma Agricultural Association, and denied that they were indebted to the plaintiff in any sum whatsoever. A jury was waived and the cause was submitted to the court, and judgment was rendered for the plaintiff against each of the defendants.

The defendants contend that the trial court erred in overruling their demurrer to the evidence of the plaintiff, and in refusing to render judgment for the defendants. To dispose of this contention, it is necessary to review the entire evidence produced by the plaintiff, which shows that the Commercial Club of Muskogee conceived the idea of forming the Eastern Oklahoma Agricultural Association as a medium of advertising and promoting the agrcultural interests of the eastern portion of this state, and the same was under the supervision of the Commercial Club, and the Commercial Club employed the defendant, W. D. Egolf, one of its members, but not a member of the Eastern Oklahoma Agricultural Association, to act as its publicity agent in advertising the resources of Eastern Oklahoma through the Eastern Oklahoma Agricultural Association; that the defendants Darby and Bell were members of the Eastern Oklahoma Agricultural Association.

Mr. Bixby, a witness for the plaintiff, testified that he was manager of the Phoenix Printing Company and that the defendant, Egolf, ordered certain job printing and advertising matter for the Eastern Oklahoma Agricultural Association but, before any of the printing was done or the advertising matter furnished, the witness required Egolf to come to his office and told him that the Phoenix Printing Company had done considerable printing for various boosting organizations and had had trouble in collecting for it, and that the company had adopted the policy of not doing any further business of this kind without asking some one to be responsible for the payment of the work, and Mr. Egolf then stated "that he would see that this amount was paid if we (Phoenix Printing Company) would do the work" and said witness testified, further, that Egolf made the statement that "if the association did not attend to it he would pay it," and in this connnection, said witness testified as follows:

"Mr. Egolf was just the guarantee for another person?

"A. Yes, sir; that is what it amounted to."

There is no evidence to connect the defendants Darby and Bell with this transaction, and there was no evidence produced by the plaintiff to show that Egolf was acting for the Eastern Oklahoma Agricultural Association, of which the defendants Darby and Bell were members, but, on the contrary, the evidence of the plaintiff is to the effect that Egolf was not acting for the Eastern Oklahoma Agricultural Association, but for the Commercial Club. Under this state of the record, the court clearly erred in overruling the demurrer of Darby and Bell to the evidence of the plaintiff.

The only remaining question is whether Egolf was liable. In this connection, the plaintiff contends that he is liable as a guarantor under the provisions of section 5127, Comp. Stats. 1921, providing, where a creditor parts with value in consideration of the obligation in respect to which the promise is made, in terms or under circumstances such as to render the party making the promises the principal debtor, and the person in whose behalf it is made is surety, that it is not necessary that the promise to answer for the obligation of another be in writing, but the same will be considered as an original obligation on the part of the promisor. This statute is not applicable to the facts here involved, for the party making the promise, who is Egolf, is not the principal debtor, and the party

in whose behalf the promise is made, which is the Commercial Club of Muskogee, is not the surety, but, on the contrary, Egolf is the surety and the Commercial Club of Muskogee is the principal debtor, and, therefore, it was necessary for the promise of Egolf to answer for the debt of the Commercial Club of Muskogee to have been in writing in order to bind Egolf in the transaction. The oral promise of Egolf to answer to the Phoenix Printing Company for the debt of the Commercial Club comes clearly within the statute of frauds, section 5034, Comp. Stats. 1921, and the plaintiff cannot recover on said contract against the defendant Egolf. Smith v. Morton, 70 Okla., 157, 173 Pac. 520. The court erred in overruling the demurrer of the defendant Egolf to the evidence of the plaintiff and in refusing to render judgment for said defendant.

The judgment of the trial court is reversed, and the cause remanded with directions to render judgment for the defendants.

By the Court: It is so ordered.

Note.—See under (1) 27 C. J. pp. 140, 142, § 28.