## HULS v. JANEWAY.

No. 3595. Opinion Filed April 17, 1914.

(140 Pac. 419.)

1. **FRAUDS, STATUTE OF**—Agreement to Pay Debt of Another—Evidence. The conversation set out in the opinion did not constitute an original agreement to pay the debt of another, and an action cannot be maintained thereon to recover the amount of such debt.

2. **JUSTICES OF THE PEACE**—Appeal—Parties. An order made by the county judge dismissing an appeal taken by one of two defendants from a judgment of a justice of the peace on the ground that both did not join in such appeal was reversible error, since, under the Constitution and statute, either of such defendants had the right to an appeal. Sections 14 and 15, art. 7 (sections 199 and 200, Williams' Ann. Ed.), Const. Okla., and section 5466, Rev. Laws 1910.

(Syllabus by Galbraith, C.)

*Error from County Court, Payne County;*
*W. H. Wilcox, Judge.*

Action by D. F. Janeway against R. W. Huls. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*H. A. Johnson,* for plaintiff in error.

*J. M. Springer* and *Henry Ousler,* for defendant in error.

Opinion by GALBRAITH, C. Dr. D. F. Janeway commenced an action before a justice of the peace in Payne county against Al Huls and R. W. Huls, to recover on an account amount-

ing to $116 for professional services rendered Al Huls, which it was alleged in the bill of particulars the defendants orally undertook and agreed to pay. The trial before the justice of the peace resulted in a verdict in favor of the plaintiff against R. W. Huls for $87.50 and interest, and against Al Huls for $119.50 and interest. The defendant, R. W. Huls, appealed to the county court of Payne county, where there was a trial to the court and a jury and a verdict for the plaintiff against R. W. Huls in the sum of $84.50. To reverse this judgment an appeal has been perfected to this court.

One of the assignments of error urged is that the county court erred in overruling the defendant's demurrer to the plaintiff's evidence, and refusing to instruct a verdict for the defendant on such evidence. The plaintiff's right to recover was based upon an alleged oral agreement entered into with R. W. Huls to pay the plaintiff for professional services rendered Al Huls. In order to sustain the action, it was necessary for the plaintiff to establish by his evidence an original agreement on the part of the defendant, R. W. Huls, to pay for the services. The demurrer of the defendant raised the question of the suffiiciency of the evidence introduced to establish such an agreement. The agreement, as testified to by the plaintiff on cross-examination, is as follows:

"I said, 'Mr. Huls, Al is in a serious condition, a critical condition, and it is going to require practically all the time of some one to pull him through.' I says, 'He don't have the reputation of paying his debts, and I want you to see that I get my money.' Mr. Huls began to complain about how he had been paying out for the boy and getting nothing for it, and he said there was nothing to it. I says, 'Now, look here, he is your son, and, if you don't put up for him, who will.' Then he said, 'Well, I haven't any money, and won't have until fall.' I says, 'Now, Mr. Huls, I don't want my money now; all I want is the assurance that I will get it.' About that time they called me to come into the house, and I left."

The conversation, as testified to by the plaintiff, on cross-examination, was practically the same. The plaintiff says that, after he had asked the defendant if he would not put up for his

son who would, Mr. Huls said, " 'I will do the best I can.' He says, 'I haven't any money now, and won't have before fall.' I says, 'That is all right; I am not demanding my pay; all I want to know is that I will get my pay for the services I render;' and about that time they called me into the house."

If this conversation between the plaintiff and defendant arose to the dignity of an agreement on the part of the defendant to pay for the services of the plaintiff rendered to the son, then the demurrer to the evidence was properly overruled; but, if it did not constitute an agreement, then the demurrer should have been sustained. *May v. Roberts,* 28 Okla. 619, 115 Pac. 711; *Richardson et al. v. Parker, McConnell & Co.,* 33 Okla. 339, 125 Pac. 442. As was said in *Atwood v. Rose et al.,* 32 Okla. 355, at 363, 122 Pac. 929, 932:

"No contract is complete without the mutual assent of all the necessary parties to all its terms. An offer to sell imposes no obligations until it is accepted according to its terms. So long as the negotiation remains open, neither party is bound; the one may decline to accept, or the offer may be withdrawn by the other. A proposal to accept, or an acceptance, upon terms varying from those offered, is a rejection of the offer. The offer of acceptance upon modified or added terms would be a new or counter proposal, which would require an acceptance according to its terms, before it could be said that a contract had been made."

Whether the conversation amounted to an agreement was a question of law for the court to determine. *Atwood v. Rose et al., supra.* This question was squarely raised by the demurrer.

We have studied this conversation, as above quoted, carefully and are unable to say that it constituted a contract. We cannot say that it shows that R. W. Huls undertook and agreed to pay Dr. Janeway for his services for treating the son. We cannot say that it goes to that length. The doctor was called away before such stage in the conversation was reached—before Huls agreed or promised to pay. The language used by the doctor, "I want you to see that I get my money," would indicate that he was asking for a collateral, and not an original, promise to pay, notwithstanding he must have known that the statute of

Huls v. Janeway.

frauds rendered such an oral collateral agreement absolutely void. We therefore conclude that the court was in error in overruling the demurrer to the evidence, and should have sustained the same.

The judgment appealed from was rendered on the 14th day of July, 1911. On the 20th day of November, 1911, the attorneys for Dr. Janeway filed a motion in the county court of Payne county to vacate the judgment rendered and to dismiss the appeal of R. W. Huls on the ground that the same was an appeal from a judgment of a justice of the peace, and that there were two parties defendant in the justice court, and only one had joined in the appeal to the county court. On January 2, 1912, the court made an order sustaining the motion to vacate the judgment and dismissing the appeal. This action of the court is assigned as error, which it clearly appears to be. Without passing upon the question as to whether or not the county court of Payne county had jurisdiction of the cause on January 2, 1912, when this order of dismissal was entered, upon authority of the case of *Barnard v. Douglass-Whaley Gro. Co.*, 31 Okla. 124, 120 Pac. 563, making this order and dismissing the appeal upon this ground was reversible error.

We conclude that the assignments discussed should be sustained, and the case should be remanded to the county court of Payne county, with directions to vacate the order dismissing the appeal, and also to vacate and set aside the judgment entered upon the verdict of the jury, and to sustain the demurrer of the defendant to the plaintiff's evidence, and to enter judgment in favor of the plaintiff in error, R. W. Huls, and against the defendant in error, D. F. Janeway, for costs.

By the Court: It is so ordered.