## HINER v. WASHITA VALLEY BANK.

No. 5526.    Opinion Filed October 5, 1915.

(152 Pac. 112.)

1.  **FRAUDS, STATUTE OF—Debt of Another—Assumption of Liability.** In order to create a liability for the payment of a debt of another, the assumption must be in writing.

2.  **CONTRACTS—Enforcement by Beneficiary—Evidence.** Under the evidence in this case, section .895, Rev. Laws 1910, has no field of operation.

3.  **BANKS AND BANKING—Action Against Bank—Payment of Protested Check—Evidence.** H. sold to L. a bale of cotton, at which time L. stated to H. that he had made arrangements with a designated bank to buy cotton; that the bank was to take care

of his checks for what cotton he bought; that the bank was behind him. H. relied upon said statements, and would not have sold the cotton but for such statements. L. gave H. a check on a designated bank for the purchase price of the cotton, which check was protested for want of funds. There was no evidence that said bank was in any manner interested in the purchase or sale of said cotton. H. did not interview the bank in regard to payment of said check until after same had been protested. **Held,** that the bank was not liable for the payment of said check.

(Syllabus by Collier, C.)

### Error from County Court, Caddo County;
### C. Ross Hume, Judge.

Action by T. J. Hiner against the Washita Valley Bank. Judgment for defendant, and plaintiff brings error. Affirmed.

This is an action brought by plaintiff in error, hereinafter called plaintiff, against defendant in error, hereinafter called the bank, to recover upon a protested check drawn by one Luce upon said bank in favor of plaintiff. The undisputed evidence is that said check was given by Luce to plaintiff for the payment of a bale of cotton purchased by Luce from plaintiff. Plaintiff testified substantially that before he sold his cotton to Luce, Luce said:

" 'I have made arrangements with the Washita Valley Bank to buy cotton through the season;' that the bank was to take care of his checks for what cotton he bought; that the bank was behind him."

And plaintiff relied upon said statements of Luce, and would not have sold the cotton to him had he not made such statements. On cross-examination plaintiff further testified that he never interviewed the bank in regard to the matter until after the check was protested, and that Luce "did not exactly say the bank would pay the check, but witness took it for granted."

There was no evidence that the bank was in any manner interested in the cotton purchased by Luce, or the sale thereof, or that Luce had money in said bank at the time said check was presented for payment and protested. There was other evidence in the case which we deem unnecessary to recite.

At the close of plaintiff's evidence, defendant demurred thereto, which demurrer the court sustained, and rendered judgment for defendant. To reverse said judgment, this appeal is prosecuted.

C. H. Carswell, for plaintiff in error.

Grover C. Wamsley, for defendant in error.

Opinion by COLLIER, C. (after stating the facts as above). Applying the well-established rule as to the facts admitted upon a demurrer to the evidence and the inferences drawn therefrom, we are unable to see any theory upon which plaintiff can rest a successful issue in this case. There is no privity shown by the evidence between the bank and plaintiff that rendered the bank in any way liable to plaintiff. The many authorities cited by plaintiff, while correctly stating the law, are in no wise applicable to the facts in this case. Certainly there is no evidence that the bank agreed to pay the check of Luce; and to argue that the bank became liable to pay the debt, without such agreement being in writing, of which there is no evidence, would be to ask that the statute of frauds of this state be abrogated.

We cannot agree with plaintiff that section 895, Rev. Laws 1910, providing that "a contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind," covers this case, because it cannot even be imagined from the evidence

that the contract was made by Luce with the bank expressly for the benefit of plaintiff.

Finding no error in the record, this cause should be affirmed.

By the Court: It is so ordered.