## GRISHAM v. LUCIUS CARROLL & CO.

No. 8963—Opinion Filed May 28, 1918.

(173 Pac. 448.)

### Appeal and Error—Questions of Fact—Review.

Where a law action is tried by the court, without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support its findings, the same will not be disturbed upon appeal.

(Syllabus by Galbraith, C.)

Error from County Court, Love County; J. H. Hayes, Judge.

Action by Lucius Carroll & Co., against J. E. Grisham. Judgment for plaintiff and defendant brings error. Affirmed.

T. B. Wilkins, for plaintiff in error.

R. A. Keller, for defendant in error.

Opinion by GALBRAITH, C. This lawsuit

was commenced in the justice of the peace court. Its subject-matter being $30, the purchase price of one burial casket sold by Carroll & Co. the defendant in error, to one J. C. Gray and J. F. Grisham. upon the credit of the latter, it was alleged. J. F. Gray was a party defendant, but was not served with summons and made no appearance, and no judgment was entered against him. Upon appeal to the county court a trial was had to the court without a jury, and a finding made and a judgment entered for the plaintiff for the amount claimed. This judgment is now here for review.

It is contended on behalf of the plaintiff in error that the court erred in denying the motion for a new trial, and that the judgment is not supported by the law and the evidence.

The evidence, briefly stated, is as follows:

Lucius Carroll & Co. was engaged in the retail mercantile business at Marietta. The man Gray went to Carroll & Co's. store and asked to purchase a burial casket on credit. Credit was refused him. He was asked if he knew anybody in town that would stand good for him. He said he knew Grisham, who was also engaged in the mercantile business in Marietta. Carroll said to him that, if Grisham would stand good for him, he would make the sale. Gray went out of the store, and a few minutes later returned in company with Grisham. Up to this point there is a perfect agreement in the evidence. Here there is a wide divergency.

Mr. Carroll testified that Grisham said when he came into the store. "That is all right Mr. Carroll; let him have it." and that he said to Grisham, "all right, I will let him have it." It is not disputed that he delivered the casket to Gray and charged the same to Gray and Grisham.

Mr. Grisham testified in regard to the transaction as follows:

"I went in, I suppose, 10 or 15, maybe 20 feet. in the store, and I spoke and said. 'Mr. Gray is all right so far as I know; I have known him about three years.'"

If Carroll's testimony is true, the transaction amounted to an original undertaking on the part of Grisham, and he is liable for the account, as held by the court below.

In Mackey et al v. Nickoll. 60 Okla. 12, 158 Pac. 593, at page 594, this court said:

"If the plaintiff extended the credit to Mackey, it would constitute an original undertaking, and therefore not within the statute; while, on the other hand, if the credit was extended to Quillian and Mackey was

to stand good for it, the original undertaking was on Quillian, and Mackey's agreement collateral thereto, and therefore within the statute. May v. Roberts, 28 Okla. 619, 115 Pac. 771; Waldock v. First National Bank of Idabel. 43 Okla. 348, 143 Pac. 53. The verdict of the jury, being for plaintiff, necessarily finds the undertaking original, and not within the statute."

The disagreement in the testimony of these two parties. Carroll and Grisham, was the controlling question in this lawsuit. This was simply a question of fact. It was submitted to the court for determination. The court had a right to believe Carroll and disbelieve Grisham. It is evident that the court accepted the version of the transaction testimony of Carroll. It is not disputed that Carroll refused to credit Gray for the casket when he applied for it, and he told him that he would credit him if Grisham would stand for the account. He went out of the store and returned with Grisham, and the sale was made on credit, tending to show that Grisham did stand for the payment of the purchase price. It therefore appears that the evidence reasonably tends to support the findings of the trial court.

Under the established rule in this jurisdiction, the findings of the court in a law action. such as the instant case. come to this court with the same weight as the verdict of a jury. and where the verdict of a jury is reasonably supported by the evidence. it will not be disturbed on appeal. Hilsmeyer et al. v. Blake. 34 Okla. 477, 125 Pac. 1129, and cases therein cited.

The application of this rule requires. the affirmance of the judgment appealed from. It is so ordered.

By the Court: It is so ordered.