## NEWKUMET v. MEYER.

No. 19243. Opinion Filed Sept. 17, 1929.

Allen & Grigsby, for plaintiff in error.

John E. Luttrell and Hardin Ballard, for defendant in error.

REID, C. This proceeding in error seeks to review the judgment of the lower court in an action in which H. P. Meyer, as plaintiff, sued Joe Newkumet, as defendant, on a certain itemized account, wherein it was alleged that the defendant was indebted to plaintiff in the sum of $529.71 for goods, wares, merchandise, and money due him by defendant at his special instance and request. There was a general denial by the defendant.

Upon the trial to a jury, a verdict was returned for the plaintiff in the amount sued for, and judgment was entered accordingly, and defendant appealed.

The defendant first assigns as error the action of the trial court in overruling his motion for judgment on the opening statement of counsel for plaintiff. But as the evidence introduced by plaintiff substantially followed the statement, the question raised will be determined along with the further alleged errors of the court in overruling defendant's demurrer to plaintiff's evidence, and also the question he presents against the action of the court in refusing to direct a verdict for him at the close of all the testimony.

And as to the foregoing questions, the defendant contends that the statement and evidence, at most, disclose only a verbal promise to answer for the debt or default of another, and that by operation of paragraph 2, section 5034, C. O. S. 1921, the same will not be enforced.

The evidence presented by the plaintiff showed that for sometime he had conducted an undertaking business in Norman, Okla., and that the defendant there operated a creamery and ice cream factory; that the defendant had his nephew, Edward Lentz, working for him, and young Lentz was killed by an electric wire in defendant's creamery. It appears that the doctor who was called when the accident occurred telephoned the plaintiff from the place of the accident,

and when the plaintiff and his attendant arrived with the hearse, a conversation occurred between the plaintiff and defendant which is so important to the question we are considering, that we quote from plaintiff's testimony in regard to it as follows:

"Q. Did you at that time have any conversation with Mr. Newkumet? A. Yes, sir. Q. Did you receive any instructions from Mr. Newkumet in reference to the body? A. He asked us to take the body to our place and take care of it, prepare same."

And for the same reason we give from the testimony what was said between the parties in a conversation had later on the same day:

"Q. Did you at that time have any conversation with Mr. Newkumet with reference to the furnishing of a casket and other things necessary for the boy's burial? A. He told me that his sister and his wife would be up to make a selection of a casket. Q. Did he say anything else with reference to the matter? A. He said he wanted the sister satisfied, and that we should go ahead and furnish these articles, and that it would be taken care of."

And cross-examination of the plaintiff:

"Q. Did Mr. Newkumet tell you that he would pay that account? A. He said the account would be paid. Q. He didn't say he would pay it? A. He said he wanted his sister satisfied, 'that the account would be taken care of, rest assured of that.'"

Thereafter, the wife of defendant and his sister, who was the mother of the deceased, called at plaintiff's place of business and made the selection of the casket. The defendant's sister, Mrs. Greta Lentz, lived in New Jersey and was visiting her relatives in Norman when the fatal accident occurred. The plaintiff had no acquaintance whatever with her. He testified that he never had any conversation or arrangements with Mrs. Lentz that she was to pay the indebtedness accruing to him, but that the credit was extended to the defendant. It is true that defendant denied the conversation which plaintiff claims to constitute the contract between them, but the issue is foreclosed in plaintiff's favor by the jury's verdict returned under proper instructions given. Therefore the whole case here turns upon the question whether the evidence of plaintiff shows a contract within the statute of frauds. It does not so show.

This court, in the case of May v. Roberts, 28 Okla. 619, 115 Pac. 771, held that similar evidence offered by the plaintiff in that case and excluded by the trial court was admissible to show a primary obligation on the part of the defendant; and, after reviewing many authorities, the court said the question in the case was whether, under all the evidence, the credit was given solely to the defendant or to another person. The doctrine announced in the foregoing case has been followed by this court in several other cases with evidence like the present case and holding that the contract shown was not within the statute of frauds. The cases are: May v. Roberts, 28 Okla. 619, 115 Pac. 771; Richardson v. Parker, McConnell & Co., 33 Okla. 339, 125 Pac. 442; Mackey v. Nickoll, 60 Okla. 12, 158 Pac. 593; Grisham v. Lucius, Carroll & Co., 70 Okla. 106, 173 Pac. 448; Smith v. Morton, 70 Okla. 157, 173 Pac. 520; Byrd v. Woods, 77 Okla. 236, 188 Pac. 337; Amons v. Howard, 111 Okla. 195, 239 Pac. 217.

The question as to whether the evidence discloses a primary obligation on the part of the defendant, or a collateral agreement to answer for the debt or default of another, was a question of fact to be determined by the jury. Richardson v. Parker, supra. And that question under proper instruction by the court was determined adversely to the defendant. So that part of the judgment for the items of the account covered by the defendant's agreement is sustained by the evidence, and therefore will stand.

However, it is our conclusion that the evidence is insufficient to show defendant liable for the amount of $121.21 paid by plaintiff in buying a railroad ticket for the body of Edwin Lentz to New Jersey and a ticket and Pullman fare for Mrs. Lentz to the same place and where the interment was made. We are unable to find any evidence showing that these items came within the contract, but rather that the contract contemplated a liability upon the part of defendant for only such items and things as are usually incidental to a funeral.

If the plaintiff shall within 30 days file in this court a remittitur of $121.21, with the interest thereon, the judgment so modified will be affirmed. Otherwise, the cause will be reversed and remanded.

LEACH, DIFFENDAFFER, FOSTER, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.