## PROCTOR v. SISLER.

No. 28070.   March 29, 1938.

Rehearing Denied May 3, 1938.

604

Milsten & Milsten and James D. Johnston, for plaintiff in error.

Hickman & Ungerman, for defendant in error.

PHELPS, J. The plaintiff is a physician. He recovered a judgment against the defendant for medical services rendered a small girl who had been injured by defendant's wife in an automobile accident. and the defendant appeals.

The defendant's brief does not, but the plaintiff's brief does, contain a statement of the facts, and the latter will therefore be taken as the facts of the case for the purpose of deciding the appeal. Tiger et al. v. Coker et al., 180 Okla. 175, 68 P.2d 509.

The defendant's wife, driving his car, ran over the little girl, and the latter was immediately taken to a hospital. where she was given emergency treatment and released. That evening the defendant and his wife took their family physician to the little girl's home to examine the child. The doctor thought she probably had some spine injury. The next morning the defendant personally called for plaintiff, a bone specialist who operated a clinic, and at defendant's request plaintiff accompanied him to the home of the child, where plaintiff made an examination, suspected a spinal fracture and suggested the removal of the child to his hospital. This was done by defendant. An X-ray examination at the hospital revealed that her spine was fractured. The plaintiff informed the defendant of the course of treatment necessary and explained the time it would take to heal the child. The defendant directed the plaintiff to proceed with the treatment; and on the way to the hospital in the first instance the defendant had told plaintiff that he would pay the medical and hospital bills. The plaintiff was successful in causing recovery of the child.

Pursuant to his understanding with defendant, and pursuant to the agreement he had heard made between defendant and the child's parents, the plaintiff demanded payment of defendant, who failed or refused to pay the bill, and plaintiff sued. The trial was had without a jury.

The first proposition urged for reversal is that the promise which was made by defendant to plaintiff, to pay the medical bills, was not a valid, direct promise to plaintiff, based on a valuable consideration, but was an oral promise to answer for the debt of another, which was not binding on the defendant.

There can be no doubt that the evidence reasonably sustains the finding by the trial judge that the promise was made, and that it was direct, that is, that the promise was made directly to plaintiff, with no conditions or contingencies attached to it whatever. The plaintiff so testified, and the reasonable probabilities, in view of all the circumstances, gave further corroboration and credence to his testimony. The validity of the promise, as mentioned in the statement of the proposition, depends entirely upon the matters now being discussed, and hence it needs no separate discussion.

Considering the question whether there was a consideration for the promise, we believe it clear that the plaintiff's promise to perform the services, followed by the performance, is a sufficient consideration for the promise to pay. It matters not that the child was not defendant's. Nor is the question whether defendant was under any legal or moral obligation to the child or its parents to furnish medical attention conclusive of the case. The important fact is that, regardless of the foregoing, the plaintiff did perform professional services and hospitalization, in reliance upon defendant's promise to pay therefor.

There is evidence to the effect that the child's parents promised defendant that if he would pay the medical bills they would not sue him, and that they did not sue him, and from this the defendant argues that, since the parents cannot bind their minor child's right of action in this manner, their promise to him was unenforceable, and hence there was no consideration for his promise to pay the doctor. This contention carries its own answer. Whether there was an enforceable promise from the parents to defendant is beside the question. Assuming for the sake of reasoning that such promise was unenforceable, still the fact remains that the doctor did not make him any unenforceable promise, and his promise to the doctor to pay for the services was not dependent upon the enforceability of the parents' promise to him. Nor was it necessary that any benefit accrue to the defendant personally in order that it may be said there was consideration; the plaintiff's performance of the service for which he was by defendant engaged was clearly a sufficient consideration for the defendant's promise to pay.

In the second proposition the defendant argues that portion of the statement of his first proposition involving the statute of frauds. He points out that the father of a child is under a statutory duty to support it, and cites cases to the effect that he is liable for medical services necessarily furnished it. The reasoning then proceeds on the assumption that, since the father was thus liable to the doctor, or would have been liable had the doctor seen fit to enforce that liability, the defendant's promise to the doctor was a promise to answer for the debt, default, or miscarriage of another, and is therefore void because it was not in writing as required by section 9455, O. S. 1931, 15 Okla. St. Ann., sec. 136. But, as we have said above, the evidence clearly establishes that defendant's promise was not that he would pay if the father did not pay, but that it was an original undertaking. In order to bring a promise within the statute, the undertaking must be collateral, and not original. Kesler v. Cheadle, 12 Okla. 489, 72 P. 367. See, also, Thomas v. Williams, 173 Okla. 601, 49 P.2d 557. The rendering of professional services, in so far as the present question is concerned, would be governed by the same rules as the furnishing of goods. In Smith v. Morton, 70 Okla. 157, 173 P. 520, the general rule, as it is familiarly known, was stated. It was there said that where a party orally promises to pay for goods furnished another, if the parol contract creates original liability on the part of the promisor and credit is extended solely to him, it is not within the statute of frauds, but that if it was the intention of the promisor to pay only in case of default of that other party, such contract is within the statute. The trial court's finding that this contract was of the former class is abundantly supported by evidence. The case is similar to Ward v. Archer, 173 Okla. 465, 52 P.2d 758, in the 3d court syllabus of which we said:

"A person who promises to pay physician's and surgeon's fees and hospital expenses for one injured by a son of the promisor is bound thereby; and when this state of facts is found by the court, trying the case without a jury, no other primary liability or promise appearing, the promise is not within the statute of frauds."

In his third proposition defendant complains because the trial judge sustained an objection to his question put to plaintiff on cross-examination, inquiring of plaintiff whether, if the father had offered to pay the bill, the plaintiff would have refused it on the ground that it was an obligation of the defendant's. Defendant states that the purpose of the question was to ascertain whether plaintiff regarded defendant's promise as original. No doubt plaintiff, acting as the ordinarily prudent person who is willing enough to receive payment of that which is owed him, would have accepted it regardless of whom he considered liable. We cannot see that it made any material difference whether the question was permitted or excluded. The same is true as to the remainder of this proposition, excluding the answer to a question whether plaintiff thought the father could have paid the account.

The judgment is affirmed. Judgment against defendant and his sureties is also entered on the supersedeas bond in accordance with the motion of defendant in error.

BAYLESS, V. C. J., and RILEY, CORN, and DAVISON, JJ., concur.