## JOHN A. BROWN CO. et al. v. THOMPSON.

No. 29277.    May 7, 1940.

*102 P. 2d 858.*

256

Jarman, Brown, Looney & Watts, of Oklahoma City, for plaintiffs in error.

Lee B. Thompson, of Oklahoma City, for defendant in error.

PER CURIAM. This action was brought in the court of common pleas of Oklahoma county by the defendant in error, hereafter referred to as plaintiff, against the plaintiffs in error, hereafter referred to as defendants, to recover for professional services alleged to have been furnished to one Norma Simons at the special instance and request of said defendants. The defendants separately denied the employment and the authority of the persons alleged to have acted as agents in the transaction. Jury was waived and the cause was tried to the court. Judgment was for the plaintiff in accordance with the prayer of his petition and against both defendants. Motions for new trial were overruled, and said defendants have appealed by separate petitions in error.

The defendants present only one assignment of error, which is that the judgment is unsupported by the evidence and is contrary to law. In support of the assignment thus made the defendants urge two propositions, which, in substance, are that under the uncontradicted proof their agents had no authority to bind the defendants for medical services to a third person, and that as to the defendant Standard Accident Insurance Company the agreement was one to answer for the debt of another and without additional consideration, and therefore invalid under the provisions of the statute of frauds.

The first proposition so advanced applies more particularly to the defendant John A. Brown Company, and will be disposed of first. The action being one at law and trial having been to the court without the intervention of a jury, the judgment will be given the same force and effect as the verdict of a properly instructed jury, and if reasonably supported by any competent evidence, will not be disturbed. McConkey v. Brittain, 181 Okla. 53, 72 P. 2d 348; Sutherland v. Lambard-Hart Loan Co., 179 Okla. 486, 66 P. 2d 523. The evidence regarding the employment of the plaintiff by the John A. Brown Company was in direct conflict, but was sufficient to support a finding of an original obligation on the part of said defendant to pay the plaintiff for his services in the event the agent of said defendant acted within the scope of his authority in making such contract. See Proctor v. Sisler, 182 Okla. 603, 78 P. 2d 802; Ward v. Archer, 173 Okla. 465, 52 P. 2d 758. There is evidence in the record to the effect that the services of plaintiff were necessary to take care of an emergency situation and which apparently involved the John A. Brown Company, and that the person with whom the contract of employment was

alleged to have been entered on behalf of said defendant was the superintendent and general agent in the transaction of its business. We are of the opinion that under such circumstances, even though said agent may have transcended his actual authority, since there is evidence tending to show that he acted in an emergency and for the apparent protection of his principal, that his act was one for which he must be deemed to have had authority. Brownell v. Moorehead, 65 Okla. 218, 165 P. 408. We hold that under the authorities above cited the evidence was sufficient to establish the agency, the authority of the agent, and the finding of the court of a direct promise on the part of the John A. Brown Company to be responsible to the plaintiff for his services.

The Standard Accident Insurance Company presents a different situation. There was no evidence of any direct liability on the part of this defendant, but on the contrary all of the evidence shows that the only liability which said defendant ever assumed in the matter was a collateral one whereby it assured the plaintiff that it would see to the payment of the debt which the John A. Brown Company owed to him. This promise was not in writing and was therefore invalid under the statute of frauds (subd. 2, sec. 9455, O. S. 1931, 15 Okla. St. Ann. § 136, subd. 2). Hence, as to said defendant, the judgment is contrary to law. In view of the conclusions thus reached, we find it unnecessary to discuss the matter at any great length. The judgment as to the John A. Brown Company is affirmed and as to the Standard Accident Insurance Company is reversed, with directions to enter a judgment in favor of said defendant.

Affirmed in part and reversed in part, with directions.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, and HURST, JJ., concur.