### WHITLATCH v. MAUPIN.

No. 33438. Oct. 4, 1949.
Rehearing Denied Oct. 25, 1949.

*210 P. 2d 782.*

A. L. Commons, of Miami, for plaintiff in error.

Gayle M. Pickens, of Tulsa, for defendant in error.

ARNOLD, V.C.J. This is an appeal from a judgment of the district court of Ottawa county in favor of the plaintiff there in a suit on open account.

Plaintiff was engaged in the sale and delivery of gasoline and oils in Miami. He purchased his stock from the Tydol Oil Company and retailed the same to his local customers. Orville Whitlatch and Edith Whitlatch, defendant, were husband and wife and Orville operated a farm on which they lived. A tank and pump were installed on the farm for convenience in the operation of the farm machinery. In such instances it was customary for the Tydol Oil Company to loan a tank and pump to purchasers of its products as was done in this case.

Other testimony is to the effect that Orville Whitlatch had prior to the time involved in this action taken bankruptcy and Tydol would not extend credit to him; by oral agreement between plaintiff and defendant she promised to pay for the gasoline and oil furnished to her husband; the sales and deliveries began in March, 1946, and defendant regularly paid the bills each month for gasoline and oil so furnished by plaintiff until August of 1946; in that month defendant and her husband separated, reached a property settlement and a divorce decree was entered. By this property settlement the farm in question became the property of the defendant subject to an encumbrance thereon; the farm operations continued as before during all of the time involved in this action. During August, September, and October, 1946, plaintiff furnished to defendant and delivered to the farm gasoline and oil amounting to the total

sum of $181.52; the invoices on these various sales were made out to Orville Whitlatch; that this was done so that Orville could use the invoices in making his claim for tax exemption; the last delivery of gasoline under this arrangement between the parties was made October 22, 1946.

The testimony consisted of that of plaintiff in his own behalf and of the defendant in her behalf and was in conflict on the question of whether she directly promised to pay for the gasoline and oil to be furnished. This issue was presented to the jury by appropriate instructions of which no complaint is made. The jury by its verdict determined from the evidence under the instructions of the court that the agreement between plaintiff and defendant constituted an original undertaking by the defendant to pay for the gasoline and oil, and was, therefore, under the instructions of the court, not within the statute of frauds. An oral promise which constitutes an original obligation of the promisor to pay for merchandise to be furnished on open account is not within the statute of frauds. See Grantz v. Jenkins et al., 73 Okla. 205, 175 P. 527; Mayor v. Bennett, 199 Okla. 579, 189 P. 2d 186; Newkumet v. Meyer, 138 Okla. 136, 280 P. 579; Hiner v. Washita Valley Bank, 51 Okla. 606, 152 P. 112; Huls v. Janeway, 42 Okla. 33, 140 P. 419; May v. Roberts, 28 Okla. 619, 115 P. 771; Kesler v. Cheadle, 12 Okla. 489, 72 P. 367; Parsons v. Eisele, 137 Okla. 35, 277 P. 643; and Proctor v. Sisler, 182 Okla. 603, 78 P. 2d 802. The verdict of the jury determining that defendant did directly promise to pay for the gasoline and oil to be furnished is based upon competent evidence reasonably supporting the verdict and the judgment based thereon will not be disturbed.

The judgment is affirmed.

In the brief of defendant in error this court is asked, in event the judgment of the trial court is affirmed, that this court render judgment against the sureties on the supersedeas bond. The supersedeas bond appearing in the record is signed by Geraldine Keith and Maxine Taylor as sureties and in accordance with the prayer of defendant in error it is ordered, adjudged and decreed by this court that plaintiff, J. S. Maupin, do have and recover judgment against Geraldine Keith and Maxine Taylor as sureties on supersedeas bond of the defendant Edith Whitlatch in the sum of $181.52 and interest together with all costs accrued in the action, for which let execution issue.

