## MANN v. WELCH.

No. 35320.    April 14, 1953.

Rehearing Denied May 19, 1953.

Application for Leave to File Second Petition for Rehearing Denied June 17, 1953.

*257 P. 2d 1074.*

Francis S. Irvine, Jr., and Ram Morrison, Oklahoma City, for plaintiff in error.

Raymond Thomison and Ozmun & Fullerton, by John P. Fullerton, Lawton, for defendant in error.

WELCH, J. The plaintiff sued the defendant for a sum certain, allegedly due for supplies and services furnished by the plaintiff under an oral contract with the defendant.

The defendant entered an oral plea in general denial of the allegations of the plaintiff's pleading and stated that his agreement with the plaintiff was void under the statute of frauds.

At trial a witness called by the plaintiff gave testimony of effect to show the following state of facts:

The defendant and a Mr. Gray came to the plaintiff's place of business and the defendant told the plaintiff they were going to drill a well and wanted to buy supplies if the plaintiff could extend the defendant credit. Thereafter the plaintiff furnished oil and gas and services for those engaged with the defendant in a well drilling operation, the well being known as the Mannson Production Trust Company well. The plaintiff cashed a check drawn by Mr. Gray on the account of the Mannson Production Trust Company. The check in due course of business was returned to the plaintiff with a notation thereon, "insufficient funds." Thereafter the plaintiff made demand on the defendant for payment for the supplies and services he had furnished in connection with the drilling operation. The defendant paid the account in full, whereupon the plaintiff told the defendant he couldn't extend further credit in the circumstances of the check from Gray and the reports he had concerning Mannson. The defendant then told the plaintiff that he had to have oil and gas to drill the well and that if the plaintiff would sell him the oil and gas and extend him credit, that he, the defendant, would be personally responsible for the bills. The plaintiff told the defendant he would sell to him on that condition and the defendant said all right. Thereafter products were delivered to the defendant and to various persons known by the plaintiff and defendant to be employed in connection with the drilling of the well that had been referred to by the defendant, and which was known as the Mannson Production Trust Company well. In these instances charges were entered on the books of the plaintiff against the defendant for the products or services, although sales slips for the items were sometimes made out in the name of the defendant and sometimes in the name of Mannson, and sometimes in the name of the person who took delivery. After the said account had grown to a considerable amount, the defendant paid to the plaintiff $100, and since said payment the plaintiff has received nothing on the account.

To the plaintiff's petition there is attached a statement of account against the defendant, which statement is itemized and reflects a balance due of $437.26. The prayer of the pleading is that plaintiff have judgment against defendant for $437.26, with interest thereon.

At the close of the aforesaid testimony the plaintiff rested his case. The defendant demurred to the evidence. The demurrer was overruled and the defendant rested. Judgment was for the plaintiff in the amount as prayed for.

The defendant contends the court erred in rendering judgment for the plaintiff in that there was no sufficient evidence to show liability on the part of the defendant for merchandise and services furnished by the plaintiff to Mannson; that the evidence as tends to show an oral agreement by the defendants to pay such charges reflects a special promise by the defendant to answer for the debt of Mannson, and that said oral agreement is void under the statute of frauds.

The defendant cites 15 O.S. 1951 §136, which provides, in substance, that a special promise to answer for the debt of another is invalid unless the same, or some memorandum thereof, be in writing and subscribed by the party or his agent. Cases are cited which construe the statute.

The matter of the meaning and effect of the statute is well settled. The statute does not apply where a party orally promises to pay for goods or services furnished another, if the parol agreement creates an original liability on the part of the promisor, and credit is extended solely to him, but if the intention of the parties was that the promisor should be collaterally liable and pay only in case of default of the party to whom goods and services were furnished and to whom credit was extended, then such parol contract would fall within said statute and be invalid. Snodgrass v. Lamunyon, 94 Okla. 151, 221 P. 46; Proctor v. Sisler, 182 Okla. 603, 78 P. 2d 802; Whitlatch v. Maupin, 202 Okla. 137, 210 P. 2d 782.

In Whitlatch v. Maupin, supra, it is said:

"Whether an oral promise to pay for merchandise to be furnished to a third person on open account is an original or a collateral obligation of the promisor is to be determined from the intent of the parties as disclosed by the facts and circumstances in evidence and the determination of this question is solely for the jury under proper instructions. The judgment of the trial court based on the verdict of a jury determining such issue will not be disturbed if there is any evidence reasonably supporting the same."

Herein, trial by jury was waived and trial was to the court. In the consideration of the evidence herein it is not our province to weigh the evidence as between any conflicting inferences that might be drawn therefrom. Findings of the trial court essential in the judgment rendered will not be disturbed where there is evidence reasonably supporting the same.

In argument the defendant directs attention to certain statements contained in the plaintiff's pleadings, and to certain statements of plaintiff's counsel, and to certain testimony, all, assertedly, evidencing an intendment of the parties hereto that the defendant was to be held as collateral obligor only for supplies and services furnished by the plaintiff for use in connection with the drilling operation.

In the testimony heretofore set out, in substance, it is reasonably made to appear that the plaintiff furnished supplies for the drilling operation on credit extended solely to the defendant and under his promise to be exclusively responsible therefor. Under this testimony the promise does not fall within the statute of frauds, supra, and the defendant became liable for such supplies as were delivered in accord with the defendant's promise to pay for the same.

The defendant contends the court erred in rendering judgment for the plaintiff for the reason there was no testimony as to specific items or as to the amount of an account against the defendant upon which a recovery for a specific sum could be based.

The record reflects a discussion of the plaintiff's pleadings at an appearance of the parties before the trial court shortly before the hearing of testimony on the issues between the parties, and whereat, the defendant admitted the correctness of the plaintiff's

claim for supplies and services furnished in connection with the drilling operation known as the Mannson Production Trust Company well. Thereafter, and following a statement by the plaintiff of the claims of his pleadings, the defendant orally made a general denial of the allegations of the plaintiff's pleadings and in further oral pleadings stated that his attempt to guarantee payment for things furnished to Mannson is void under the statute of frauds. At the close of all the testimony in the case the defendant raised no question of any insufficiency of the evidence other than in demurrer he urged an application of the statute of frauds to the oral contract as was shown by the testimony. In trial, in motion for new trial, and in hearing of the motion for new trial, no question was raised about a failure of proof of the items and amount of the account.

In Union Pet. Co. v. Oklahoma, N.M. & P. Ry. Co., 114 Okla. 21, 242 P. 1027, it was held:

"Where evidence of a fact which is capable of proof was not produced in the trial of a cause, in which such fact was a material element to the right of the plaintiff to the recovery obtained, because the same was tacitly conceded, and the cause tried on the theory that if plaintiff established facts warranting a recovery, the amount of the recovery should be the amount prayed, the defendant cannot raise the failure to produce such proof as ground for reversal for the first time in this court."

The rule and ethic as above stated is here applicable and is here applied.

The judgment is affirmed.

JOHNSON, V.C.J., and CORN, DAVISON, O'NEAL, and WILLIAMS, JJ., concur. HALLEY, C. J., and BLACKBIRD, JJ., dissent.