TELECO, INC., Commercial Communications, Inc., Executone of Oklahoma, Inc., and Bill Patterson, Appellants,

v.

CORPORATION COMMISSION OF the STATE OF OKLAHOMA, the State of Oklahoma, and Southwestern Bell Telephone Company, Appellees.

No. 51961.

Supreme Court of Oklahoma.

July 27, 1982.

Arnold T. Fleig, Speck, Philbin, Fleig, Trudgeon & Lutz, Oklahoma City, for appellants.

Robert D. Allen, O. Carey Epps, Oklahoma City, for appellee, Southwestern Bell Telephone Co.

Jack A. Swidensky, Oklahoma City, for appellee, Oklahoma Corp. Commission.

Jan Eric Cartwright, Atty. Gen., Oklahoma City, petitioning intervenor.

OPALA, Justice:

In this appeal from an order of the Corporation Commission [Commission], the State of Oklahoma stands joined as a party-appellee.[1] A little over a year after the appeal's commencement, Jan Eric Cartwright, *qua* Attorney General, sought leave to intervene in an effort to represent and protect public interest believed to be adverse to the position of the Commission who is appellee herein. Southwestern Bell Telephone Co., another appellee, interposed an objection to the intervention.

Two questions must be answered in passing upon the application before us: 1) May the attorney general be allowed to intervene even though the State has lodged no appeal from the order under review? and 2) May Jan Eric Cartwright, either personally or through his staff, appear here as counsel to challenge a decision rendered by the adjudicative body of which he was a member when the order sought to be reviewed was made? We answer both questions in the negative.

I.

Generally, intervention at the appellate stage is impermissible. The admission of a new party on review would tend to alter or expand the issues. Appellate litigation is traditionally confined within the posture of the proceedings in the court of first instance.[2] The attorney general would have us depart from this general rule because of the importance of public interest at stake. By constitutional mandate, the Oklahoma Corporation Commission is charged with protecting the rights of the public.[3] Whenever general public interest may be deemed in conflict with the Commission's position, some other entity must represent the public.[4] By the common-law duties of his office, this responsibility is reposed in the attorney general.[5] When a divergence of interests becomes evident during the initial stages of a proceeding, alternatives are available to assure that both sides are represented.[6] If there be no other spokesman for the public, counsel for the Commission would represent only that body, while the attorney general would be charged with pressing for vindication of public interest.[7]

Until relieved from his duty, an attorney general must stand as counsel for the agency for which he acts. He may not participate in litigation opposite an agency where the subject of the action is the result of normal exercise of governmental functions.[8] Court decisions reflect judicial concern that allowing an attorney general to

1. Rule 1.87, Rules of Civil Appellate Procedure, 12 O.S. 1981 ch. 15, App. 2.

2. Once a person is permitted to intervene, he becomes a party-litigant in the case with the right to raise and litigate independent issues. *In re Application of H. L. Goodwin, Sr.,* Okl., 597 P.2d 762, 767 [1979]. *Vaughan v. Latta,* 168 Okl. 492, 33 P.2d 795, 797 [1934]. The rationale for this rule is that "... to admit strangers to participate in litigation here [on appeal] would be [to allow] the exercise of original jurisdiction...". *In re Chewaucan River,* 89 Or. 659, 171 P. 402, 403 [1918].

3. Art. 9 § 20, Okl.Const.

4. *Pennsylvania Public Utility Comm. v. Pa. Gas & Water Co.,* 19 Pa.Cmwlth. 214, 341 A.2d 239,

255 [1975] [Rev. on other grounds at 492 Pa. 326, 424 A.2d 1213].

5. *Derryberry v. Kerr-McGee Corp.,* Okl., 516 P.2d 813, 818 [1973]; *State v. Public Serv. Comm.,* 129 Mont. 106, 283 P.2d 594, 599 [1955].

6. *Reiter v. Wallgren,* 28 Wash.2d 872, 184 P.2d 571, 575 [1947].

7. *Howard v. Okla. Corp. Comm.,* Okl., 614 P.2d 45, 50 [1980]; *D'Amico v. Board of Medical Examiners,* 11 Cal.3d 1, 520 P.2d 10, 20 [1974].

8. *Hill v. Texas Water Quality Board,* 568 S.W.2d 738, 741 [Tex.1978].

attack, on appeal, an order of an agency he represents would create irreconcilable conflict of interest.[9]

In *Howard v. Oklahoma Corporation Commission*[10] we recognized that the counsel for the Commission could adequately represent that agency in an original proceeding before this court without assistance from the attorney general who could act as advocate of the public interests. When the position of the public and that of the Commission are perceived to be in discord at the appellate stage, the Commission can rely on its own counsel, while the attorney general should not be barred from representing an opposite view. The proper way this objective may be accomplished is by an appeal from the order within the statutory time.[11]

Although the attorney general had the right to appear during the Commission's initial deliberations, no one representing that office participated in the proceedings before that body.[12] Nor did the attorney general invoke the available remedy of appeal.[13] Until *one year after* the appeal had been brought, no appearance was made here for the attorney general. At this late date his position in the lawsuit cannot be transmuted into that of a party-appellant through the device of intervention.[14] Application to intervene must, therefore, be denied.[15]

In public-law litigation of general interest the court looks with favor on proffered assistance from those who may be desirous of presenting different views by brief *amicus curiae.* These briefs must, of course, be confined to the issues raised in the trial tribunal and preserved on appeal.[16]

## II.

We must next determine whether Jan Eric Cartwright, personally or through his staff, stands precluded from appearing herein *amicus curiae* because he sat as a member of the Oklahoma Corporation Commission in the very proceeding which culminated in the order under review.

Mr. Cartwright concedes that it would be improper for him, while sitting as a member of a decision-making tribunal, to bring an appeal from a decision with which he disagrees.[17] He maintains that there is presently no conflict in this case because he no longer serves as a member of the Commission. We cannot accede to this view.

In *Howard,*[18] we intimated that someone other than the attorney general should represent public interest "... where the Attorney General in pursuing a minority view he had previously asserted as a member of

9. *City of York v. Pa. Public Utility Comm.,* 449 Pa. 136, 295 A.2d 825, 832–833 [1972].

10. *Howard v. Okla. Corp. Comm.,* supra note 7 at 50.

11. When the attorney general, as an advocate for state interest, joins in an appeal from an order of the Commission brought by a public utility, there would appear to be no conflict in designating the counsel for the Commission as his authorized representative under Art. 9 § 20, Okl.Const. to appear on behalf of the "State of Oklahoma" who stands joined as appellee under Rule 1.87, supra note 1.

12. 74 O.S. 1981 § 18b(c). Even if the Attorney General had appeared in this case below and appealed timely from an adverse decision of the Commission, he would be precluded from challenging on review any fact tacitly conceded during the hearing process. *Mann v. Welch,* 208 Okl. 580, 257 P.2d 1074, 1077 [1954]; *State ex rel. Cartwright v. Okl. Natural Gas,* Okl., 640 P.2d 1341, 1349 [1982].

13. Art. 9 § 20, Okl.Const.; 74 O.S.1981 § 18b(a).

14. The State has no greater authority to intervene in litigation between individuals and corporations than has any other party. *Stevens v. First Nat'l. Bank of Nev.,* 64 Nev. 292, 182 P.2d 146, 148–149, 153–154 [1947].

15. Since we hold that intervention is not allowable, we need not address the question of whether appellants are properly classed as public service corporations, so as to require that the State of Oklahoma be joined as a party-appellee.

16. *Stevens v. First Nat'l. Bank of Nev.,* supra note 14 at 155.

17. *McTaggart v. Public Serv. Comm.,* 168 Mont. 155, 541 P.2d 778, 780 [1975].

18. Supra note 7, 614 P.2d at 53.

the Commission, now under the cloak of authority of chief law officer of the state, asserts the right to negative an act of the legislative branch." Wherever a personal conflict may exist, it is not removed by the mere passage of time or the fact that a person assumes a different role with respect to the matter in conflict.[19] Therefore, Jan Eric Cartwright, himself or through his staff, is precluded from appearing *amicus curiae* in this matter.

 We do not intimate by this conclusion that such public interest should go unrepresented. By statute, the Governor of Oklahoma is granted authority to "employ counsel to protect the rights or interest of the State in any action or proceeding, civil or criminal, which has been, or is about to be commenced ..."[20] If personal disqualification prevents the attorney general from fulfilling the duties of his office, the Governor may, if he should so desire, appoint special counsel to perform this function.

IRWIN, C. J., BARNES, V. C. J., and HODGES, LAVENDER, SIMMS, HARGRAVE and WILSON, JJ., concur.

---

19. *McTaggart v. Public Serv. Comm.*, supra note 17.

20. 74 O.S.1981 § 6.